## No. 18,892.

## J. W. Lewis *v.* J. O. Lorenz.
(354 P. [2d] 1008)

Decided August 22, 1960.    Rehearing denied September 12, 1960.

Mr. HERBERT E. MANN, for plaintiff in error.

Messrs. HOUTCHENS & HOUTCHENS, Mr. JOHN J. DOOLEY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

IN the trial court plaintiff in error was the defendant and defendant in error was the plaintiff. They will be referred to by name, or as they appeared below.

The parties own farms in the vicinity of Gilcrest, in Weld County. Irrigation and seepage water flows north from the English Ditch. Lewis' farm lies immediately north of and under the English Ditch and on the east side of a north-south county road. Lorenz' farm is lower in elevation than the Lewis farm, lies to the north thereof and on the west side of said county road.

The case arises out of the construction, in 1952, and use thereafter by Lorenz, of a tile conduit in the borrow pit of the right of way of the county road along the west side of the Lewis farm, said conduit being for the purpose of conveying irrigation water from the English Ditch to Lorenz' farm. The Board of County Commissioners of Weld County had granted Lorenz permission to install said conduit.

Lorenz in his complaint alleges that Lewis had intentionally, wrongfully, and maliciously interfered with his conduit and use of the borrow pit for the purposes as above stated, and had broken and damaged the conduit, causing irreparable damage.

Lorenz sought a restraining order enjoining Lewis from interfering with the use of said tile conduit, also demanded damages in the sum of $2000.00, and exemplary damages in the same amount.

Lewis answered, denied generally the allegations of the complaint, alleged equal rights with plaintiff to the

use of the borrow pit, and set forth a counterclaim predicated on prior and superior rights to use the borrow pit, said superior rights being those of an owner of land abutting on the roadway. He demanded damages and an injunction preventing Lorenz from using the borrow pit for his tile conduit.

After an extensive trial of the issues, the court entered findings for the plaintiff and against the defendant, both on the complaint and the counterclaim, and entered final findings and decree on April 14, 1958, awarded plaintiff damages of $500.00, and enjoined defendant: "from diverting and running water in an open ditch in said borrow pit and * * * in any manner interfering with or causing damage to the plaintiff's tile line * * * "

In wilful violation of the decree, Lewis damaged the conduit by dragging a hundred pound ditcher over it, hauled heavy loads of gravel across the line at points other than established crossings, and ran water directly along the tile line, thereby washing away the covering therefrom. The court had required Lewis to select and mark off crossings over the conduit, which he did not do.

Because of these violations of the injunctive orders, citation for contempt was issued, hearing had thereon, whereupon the court found Lewis guilty of contempt, and he was required to pay a reasonable attorney's fee for plaintiff's counsel, plus costs, "by way of civil relief under the contempt, rather than punitively." Lewis is here by writ of error, seeking reversal of the judgment and decree and the order finding him guilty of contempt.

The north-south road abutting the Lewis farm is a public county highway, under the jurisdiction of the Board of County Commissioners of Weld County. The term "highway" is defined by statute, C.R.S. '53, 120-3-3; the definition is broad enough to include a borrow pit as a part of the highway. Lewis as an abutting owner had no right, without the consent of the county commission-

ers, to use the borrow pit for any purpose other than at points of crossing to gain access to and from the highway to his land.

■ The statutes are conclusive of the fact that the county commissioners have the sole right to authorize and control the use of the highway including the borrow pit, whether the user be an abutting owner or otherwise. This right was recognized by both parties hereto. Each obtained permission of the county commissioners, plaintiff for the use of the borrow pit for the construction of his tile line, defendant for the running of seep and irrigation water therein. Plaintiff installed the tile line in the spring of 1952. Defendant purchased his farm in 1945, and at that time and until after Lorenz had installed his conduit, his seep and irrigation water were carried off his land by means of a ditch inside his west fence line. The evidence shows that this ditch is still available for that purpose. '

When the county commissioners permitted Lewis to turn seep and irrigation water into the borrow pit, they gave him no authority, by implication or otherwise, to damage a conduit already in place.

■ Lewis, as the owner of land abutting on a public highway, had a special right or easement across the borrow pit for access purposes to the roadway, not at all points in the boundary, but convenient access to and from his property and improvements, subject to reasonable regulation. 39 C.J.S. 1081, 1083. This right was recognized by the trial court and it is not limited or impaired by the judgment and decree.

The trial court found that Lorenz had installed and used his tile conduit before Lewis used or acquired any permission to use the borrow pit for an irrigation ditch or to carry seepage water. This finding of fact is based upon conflicting evidence, the preponderance of which favors plaintiff. It is not within the province of this court to disturb such finding.

The trial court denied Lewis' counterclaim for dam-

ages and found that Lorenz was not responsible for Lewis' water problems, and that any damages Lewis incurred were the result of his own acts. This finding is amply supported by the evidence.

■ The record clearly discloses that Lewis wilfully violated the court decree in numerous respects and on various occasions. The court was fully justified in finding him in contempt and ordering payment of costs of the contempt proceedings, including a reasonable sum for attorney's fees expended in connected therewith.

■ The trial court awarded Lorenz damages in the amount of $500.00. There is evidence in the record to the effect that Lorenz expended $186.00 to repair damages caused by unauthorized acts of Lewis. Also in the record is evidence of other damage which has not been repaired; however, the record is devoid of evidence as to loss suffered on account thereof, estimated costs of repairs or replacements. There is no evidence on which a finding of dollar damage or loss in excess of $186.00 can rest.

The judgment is ordered modified by reducing the damages awarded Lorenz to $186.00, and as so modified is affirmed.

Mr. Justice Day and Mr. Justice Doyle concur.

September 12, 1960, on petition for rehearing. Rehearing denied *en banc*. Mr. Chief Justice Sutton not participating.