**STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Plaintiff in Error,**

**v.**

**Larkin BAILEY, Defendant in Error.**

**No. 40200.**

Supreme Court of Oklahoma.

Nov. 26, 1963.

As Corrected Nov. 26, 1963.

Rehearing Denied Feb. 4, 1964.

Max Cook and J. L. Gowdy, Dept. of Highways, Oklahoma City, for plaintiff in error.

John W. Sublett and William B. Jones, Tulsa, for defendant in error.

JOHNSON, Justice.

This was an action begun in the District Court of Tulsa County, Oklahoma, for a mandatory injunction to compel the removal of encroachments upon a tract of land at the intersection of U. S. Highway 169 and U. S. Highway 75 in Tulsa County. At this intersection Highway 169 divides, one part going to the right and one part to the left to connect with No. 75. In this triangular tract between the divided highway is a tract of land containing about 1.19 acres. The fee title to this tract is vested in the

defendant Bailey. In 1934, the State of Oklahoma acquired easements covering the entire triangular area, such easements not being limited to the actual roadway, from the then owners, predecessors in title of the defendant Bailey. Upon this triangular strip between the diverging arms of Highway 169 have been erected certain buildings which obstruct the view of drivers upon the surrounding highways.

Upon hearing the evidence in the case, the trial court entered a judgment, which journal entry contains this recital:

"* * * thereupon the court took the matter under advisement with the statement that he would view the site accompanied by two represen*tivies* of the Highway Patrol, to which proposal no objection was interposed by either party; thereafter and on June 1, 1962, the court advised the attorneys that a view of the area disclosed a hazard*ious* condition but one which could be remedied by adjustment and removal of certain structures and growth and that the defendant would be given an opportunity to so adjust said premises; that thereafter on the 1st day of August, 1962, the parties appearing before the court by their attorneys and further evidence in the nature of photographs being introduced to show the condition of the area as adjusted being admitted the court finds that the buildings, structures, landscaping and possession of the defendant does not constitute a hazard and that the use thereof is not inconsistent with the easements in favor of the plaintiff, subject to the restriction and requirement that the defendant, his tenants, invitees and agents keep and maintain said area cleared to the same extent and degree as presently established and that no alteration, addition or reconstruction be made which will interfere with the sight or view of the uses of the highways involved, or alteration of the surface which interferes with the drainage of the present highways or the bar ditches and shoulders; or use of the travelled portion or shoulders or bar ditches of said highways for the purpose of parking vehicles, or to permit the growth of grasses, trees or shrub*by* to interfere with the observance of the traffic control signs and directional signs in connection with said highways; and that subject to the conditions and restrictions so stated, the court finds the issues in favor of the defendant and against the plaintiff on the original cause of action. * * *"

After the overruling of the motion for new trial, the plaintiff, Highway Commission, appeals.

Three propositions are submitted by the plaintiff for reversal:

First, "The maintenance of buildings, occupancy and use of highway right-of-way in the center of the intersection of public highways constitutes a hazard to the traveling public and is a public nuisance of which the court should take judicial notice."

Second, "The construction and maintenance of state highways is the function of the Department of Highways under such rules, regulations and policies and road improvement program as may be prescribed by the State Highway Commission."

Third, "An encroachment on any highway is a public nuisance, per se."

In the consideration of this case and the determination of the issues herein, this court must take notice of the effect thereof on the traveling public. This court said in State ex rel. King, Atty. Gen. v. Friar, 165 Okl. 145, 25 P.2d 620:

"The trial court may have concluded that the above testimony did not show an appreciable hazard to the traveling public by the encroachment of the filling station upon the right of way. In this connection we must take note of the increasing toll of human life, limb, and property on the high-speed thor-

oughfares of this state, which requires those who are responsible for the construction of the highways not only to use reasonable precaution in the construction thereof to make said highway as safe as possible for travel, but also to include every possible factor of safety. Highway No. 66, sometimes referred to as the 'Main Street of America,' is one of the principal highways of the state upon which thousands of our citizens travel. It is elementary that in some cases the rights of an individual citizen or a small group of citizens must give way when the welfare of a great number is affected."

In the thirty years since the above was written, the increased speeds of cars and the number thereof on the highways has increased the hazards proportionately and the corresponding duties of the supervising authorities have accordingly been more demanding. The record herein reveals that the defendant was notified by the Department of Highways concerning the hazardous conditions January 13, 1960. He made no effort to rectify the condition. This suit was filed July 28, 1961. Judgment was rendered August 1, 1962. This was a period of more than two years and six months before even partial relief was granted. In this period the traveling public was faced with a hazardous condition which the trial court found to exist.

This was amply sustained by the evidence. Stansell Byers, Division Engineer for the Commission, testified that any intersection presents a hazard, and although this one was probably acceptable in 1934, it was now considered obsolete. He also testified that the view is obstructed by growth and buildings. Residents of the neighborhood told of frequent accidents at the intersection attributed to the occupancy of the area. The defendant Bailey stated the existing condition was a hazard to traffic. These conditions were only partially alleviated by the trial court, and the remaining conditions have continued to exist during the time of

this appeal. This demonstrates the necessity for a speedier method of relieving such a situation and poses the problem with which the courts are confronted. The facts revealed by the record are as follows: The entire area involved herein is covered by the easements of the Highway Commission. These easements were in the usual form and gave the Commission full power to "go upon, construct, build and at all times maintain a public road through, along and over the property herein described and enable the State of Oklahoma, its officers, agents, contractors and employees to always keep said road open for the use of the public."

The condition involved here is an "encroachment" as distinguished from an "obstruction." There is nothing on the paved portion of the road which might interfere with passage and thus be classed as an obstruction. But there is upon the right-of-way buildings and other objects which obstruct the vision and thus constitute "encroachments." There is in this case an actual occupying of a portion of the right-of-way which interferes with the safety of the traveling public.

What are the rights of the Highway Commission under these conditions? In 1943 the Legislature enacted laws to remedy this condition. The pertinent sections are as follows.

69 O.S.1961 § 157.1 provides:

"It shall be unlawful for any person to construct, maintain or operate, any gasoline pump, driveway canopy, building, sign, fence, post, or any other thing or structure on any right-of-way of, or upon any street occupied by, a designated State or Federal highway, and the constructing or maintaining of any such thing or structure on any Federal or State Highway shall constitute a public nuisance which may be summarily abated by the State Highway Commission or its officers, agents, servants and employees in the manner provided in this Act."

69 O.S.1961 § 157.2 provides:

"The State Highway Commission, its officers, agents, servants and employees, are hereby authorized and empowered to physically remove any fence, sign, post, thing or structure, gasoline pumps, driveway canopies, fence, sign posts and buildings; and if the owner of any driveway canopy, gasoline pump, or building, thing or structure, fails to remove any such structure for a period of ninety (90) days after written demand for the removal thereof has been made upon him by registered mail or personal service, the State Highway Commission, its officers, agents, servants and employees are hereby authorized and empowered to physically tear down and remove such building, canopy or pump, and for such purpose may enter upon private property to the extent necessary to accomplish the removal. Neither the State of Oklahoma, nor the State Highway Commission, or its agents, servants, officers and employees shall be liable for any damage caused or sustained by reason of the abatement and removal of any such nuisance."

It will be observed that the above sections empower the Commission to "physically remove any fence, sign, post, thing or structure, gasoline pumps, driveway canopies, fence, sign posts and buildings." The preceding section which must be construed in connection therewith provides that it shall be unlawful to erect such structures on "any right-of-way." The area in issue herein is a part of the right-of-way. Such sections empower the Commission to determine the necessity for such removal.

If the above sections vest the Highway Commission with the power to determine what constitutes an improper use of the State's right-of-way, what power of review does the court have in the latter case relative to its decision regarding an encroachment? The powers of the Commission and the limitations thereon have been discussed in previous opinions of this court, but never definitely defined. Neither has the right of review of the Commission decisions by the courts been definitely determined. We believe in this day and age of heavy high-speed traffic that this must be done for the protection of the traveling public. What is said herein at this time is applicable only to the particular areas upon which the State has an easement for right-of-way and not to adjacent areas upon which it has no such right.

The specific question involved is: How far may the court go in reviewing a decision of the Highway Commission as to what constitutes an obstruction or encroachment?

We are impressed with the opinion of the California court in the case of People v. Henderson, 85 Cal.App.2d 653, 194 P. 2d 91, in which the powers of the Commission and courts were involved.

In this case the defendants were the fee owners of a tract over which they had granted a right-of-way. Defendants had erected a twenty by thirty foot temporary shed. The shed was erected on the unused portion of the right-of-way. The suit was for a permanent injunction against the maintenance of the building. In the opinion the contentions of the parties were stated as follows:

"* * * defendants claim the right as owners of the fee title, subject to the easement, to use the land for any purposes so long as such use does not interfere with the use of the right of way by the public. Specifically, they claim that the maintenance of their shed did not constitute an interference for the reason that it was located 15 feet from the established highway, was on a portion of the land that was not used by others, and did not interfere with the vision of those who had occasion to use the highway. The state does not claim that the shed

interfered in any manner with the free use of the highway by the public, but insists that it nevertheless encroached upon the right of the public to use every part of the right of way at any time without interference; that the fact that there was no interference with the actual uses that were being made of the right of way is immaterial; that the shed as maintained constituted a nuisance subject to abatement in the present action; and that defendants had and could have no right to maintain the shed on the right of way except as the holders of a permit issued by the State Department of Public Works, which permit defendants had not received or applied for. The state does not dispute the right of defendants as owners of the fee to use the land embraced by the right of way in such a manner as will not interfere with the public right. Its contention is that the authority to determine whether a contemplated private use is consistent with the full enjoyment of the easement acquired by the public has been vested by the legislature in the Department of Public Works, and that this is an exclusive jurisdiction."

We construe the statutes quoted, supra, to also vest in the Highway Commission the authority to determine the necessity of removing an encroachment.

Further along in the opinion appears this statement:

"* * * Where the sole question is whether the maintenance of the structure or obstruction is inconsistent with the full enjoyment of the right of way by the public, the owner of the fee is deemed to possess no greater rights than those who are strangers to the title. * * *"

Again the court says:

"* * * It is within the powers of the department to keep the highways free from encroachments, and to determine what constitutes an encroachment. * * *"

In its determination of the finality of a finding by the public authorities the court says:

"* * * Such determinations by public authorities, vested with authority to make them, are deemed final and conclusive except where shown to have been the result of capricious or arbitrary action or abuse of discretion. * * *"

Again the court says:

"* * * A line must be drawn between those encroachments that would, and those that would not, infringe upon the rights and be adverse to the interests of the public, and that line must necessarily be drawn by the Department of Public Works in the proper exercise of its discretion."

We believe that the cited case correctly embodies the law under our statutes and therefore hold that the determination of what constitutes an obstruction or encroachment on a highway right-of-way is vested in the Highway Commission, and its determination is conclusive except for abuse of discretion. We further hold that the burden of proving such abuse of discretion is upon the owner of the servient estate. There was no proof of an abuse of discretion in this case.

Judgment reversed with directions to enter judgment for mandatory injunction as prayed for by the State on relation of the Highway Department.

HALLEY, V. C. J., and WELCH, DAVISON, WILLIAMS, IRWIN and BERRY, JJ., concur.