401 P.2d 552

**Claude BARE, Plaintiff-Appellant,**

**v.**

**DEPARTMENT OF HIGHWAYS, a civil administrative department of the state government, Wallace C. Burns, Ernest Gaffney, Doyle Symms, as the Idaho Board of Highway Directors, Defendants-Respondents.**

**No. 9566.**

Supreme Court of Idaho.

April 23, 1965.

468

Faber F. Tway, Chief Legal Counsel and Jack C. Riddelmoser, Department of Highways, Boise, for respondent.

A. A. Merrill, Idaho Falls, for appellant.

TAYLOR, Justice.

Plaintiff (appellant) was the owner of a rectangular parcel of land on the north side

of state highway No. 28, where it runs east and west through the village of Mud Lake (population 175) in Jefferson county. On this property plaintiff operated a repair shop, a service station, and a general store, with living quarters, all under one roof; and a small motel on the west end of the property. The gasoline pumps were located on a raised concrete "island" in front of the store and service station building. Between the gas pumps and the building was a driveway for the use of patrons of plaintiff's business. The island on which the pumps stood encroached upon the highway right-of-way three-tenths of a foot. Patrons also parked on the highway side of the pumps, on the highway right-of-way, while being served with gas from the pumps. Plaintiff had filled in the borrow pit in front of his premises for the convenience of motorists in passing from the traveled portion of the highway to his premises. Plaintiff had so conducted his business, and had so used the highway right-of-way from 1947 to 1960.

In 1959 defendant (respondent) Department of Highways notified plaintiff, by mail and verbally through its district engineer, that he could no longer use the highway right-of-way for parking of his customers' vehicles while serving them gasoline from his pumps. Plaintiff ignored the notices. Defendant then placed delineators (short steel posts mounted with black and white "targets") on the highway in front of the pumps, to prevent access to the pumps on the highway side. The delineators were knocked down and destroyed. Defendant then placed a more permanent barricade on the highway in front of the pumps.

Plaintiff brought this action for injunctive relief against maintenance of the barricade and for damages to his property and business and for loss of access to the highway. Defendant denied liability and alleged the barrier was lawfully erected and maintained to prevent plaintiff's unlawful use of the highway right-of-way for the conduct of his private business. The cause was tried to the court, with an advisory jury. The jury found damages of $4,500.00 in favor of plaintiff. Upon a subsequent hearing of objections to proposed findings, conclusions. and judgment, submitted by plaintiff, the court concluded that defendant should prevail and made findings and conclusions and entered judgment in favor of defendant. This appeal followed.

An abutting owner cannot acquire a right to use a portion of a highway right-of-way for a private business purpose by prescription or acquiescence. Rich v. Burdick, 83 Idaho 335, 362 P.2d 1088 (1961); State ex rel. Rich v. Idaho Power Company, 81 Idaho 487, 346 P.2d 596 (1959); Boise City v. Sinsel, 72 Idaho 329, 241 P.2d 173 (1952); State ex rel. Elting v. Neeley, 193 Kan. 591, 396 P.2d 345 (1964); Commercial Waterway Dist. No. 1 of King County v.

Permanente Cement Co., 61 Wash.2d 509, 379 P.2d 178 (1963); Martinez v. Cook, 56 N.M. 343, 244 P.2d 134 (1952). The term "highway" includes the entire width of the right-of-way, whether or not the entire area is actually used for highway purposes. Rich v. Burdick, supra; I.C. § 40–107 (by implication); Carlton v. Pacific Coast Gasoline Company, 110 Cal.App.2d 177, 242 P.2d 391 (Cal.1952) (statutory).

The Department of Highways is an administrative department of the state government. I.C. § 40–111. In the absence of consent or waiver of sovereign immunity by the legislature, neither the highway department, nor any of its officers or agents, can subject the state to tort liability. The only liability for damages which can be imposed upon the state, in a case such as this, is that imposed by the constitution, art. 1, § 14, incident to the taking of private property for a public use. We have recognized that an abutting property owner's right of reasonable access to a public highway is a property right, which may not be taken by the state without just compensation. Hadfield v. State, 86 Idaho 561, 388 P.2d 1018 (1963); Mabe v. State, 83 Idaho 222, 360 P.2d 799 (1961); Farris v. City of Twin Falls, 81 Idaho 583, 347 P.2d 996 (1959); Hughes v. State, 80 Idaho 286, 328 P.2d 397 (1958). When such property is taken without compensation the owner may recover, in an action in inverse condemnation, the damages to his property caused by the taking. Johnston v. Boise City, 87 Idaho 44, 390 P.2d 291 (1964); Farris v. City of Twin Falls, supra. In this case plaintiff's right of access was neither taken nor interfered with in any way. The barrier prevented motorists from parking on the highway only in front of plaintiff's pumps to receive gas therefrom. Access to plaintiff's premises in either direction from the pumps remained as it was before the barrier was erected. Hence, any damages resulting to plaintiff's property or business were not such as to be recoverable from the state. James v. State, 88 Idaho 172, 397 P.2d 766 (1964); Mabe v. State, 86 Idaho 254, 385 P.2d 401 (1963); Rayburn v. State ex rel. Willey, 93 Ariz. 54, 378 P.2d 496 (1963); State ex rel. State Highway Commission v. Lavasek, 73 N.M. 33, 385 P.2d 361 (1963); State ex rel. State Highway Commission v. Silva, 71 N.M. 350, 378 P.2d 595 (1962); Sheridan Drive-In Theatre, Inc. v. State, 384 P.2d 597 (Wyo.1963); People ex rel. Dept. of Public Works v. Ayon, 54 Cal.2d 217, 5 Cal.Rptr. 151, 352 P.2d 519 (1960).

Plaintiff contends that the action of the defendant was unreasonable, arbitrary and capricious. This is not a representative action for the abatement of a public nuisance. Plaintiff's purpose is to have removed an obstruction to his use of a portion of the highway for the conduct of his private business, and also to recover damages. The state in its sovereign capac-

ity and in the exercise of its police power, may regulate, limit, or prohibit the use of the highways "for private purposes." State ex rel. Rich v. Idaho Power Company, 81 Idaho 487, 346 P.2d 596 (1959); Lewis v. Lorenz, 144 Colo. 23, 354 P.2d 1008 (1960); Carlton v. Pacific Coast Gasoline Co., 110 Cal.App.2d 177, 242 P.2d 391 (1952). The legislature has authorized the board of highway directors to make rules and regulations governing the use of highways. I.C. § 40-120(13). The legislature has accepted the benefits of acts of Congress providing federal aid for the construction and maintenance of highways, I.C. § 40-2401, and has authorized its board of highway directors, in the name of the state, to enter into contracts and agreements with the federal government, or the authorized agencies thereof, for the planning, construction and maintenance of highways. I.C. § 40-2402.

The improvement of highway 28 undertaken in 1959, and consisting of hard-surfacing of a 24 foot strip along the center thereof, was a federal aid project. Federal law provided that:

"(c) If at any time the Secretary [of Commerce] shall find that any project constructed under the provisions of this chapter, or constructed under the provisions of prior Acts, is not being properly maintained, he shall call such fact to the attention of the State highway department. If, within ninety days after receipt of such notice, such proj-

ect has not been put in proper condition of maintenance, the Secretary shall withhold approval of further projects of all types in the entire State until such project shall have been put in proper condition of maintenance, * * *." 23 U.S.C.A. § 116.

Plaintiff's use of the highway constituted an encroachment thereon and a violation of federal regulation. The pertinent regulation of the U. S. Bureau of Public Roads in effect during the time here involved, was as follows:

"(c) The rights-of-way provided for Federal-aid highway projects shall be held inviolate for public highway purposes. No project shall be accepted as complete until all encroachments have been removed from the rights-of-way. No signs (other than those specified in § 1.17), posters, billboards, automotive service stations or other commercial establishments for serving motor vehicle users, roadside stands, or any other private installations shall be permitted within the right-of-way limits; neither shall any portion of the rights-of-way be used in connection with any private business or undertaking. Exceptions to the provisions of this paragraph may be made under circumstances approved by the Administrator on portions of rights-of-way acquired for future use." C.F.R. Title 23, § 1.11(c), Revised as of January 1, 1958.

If we assume the action of the defendant highway department was arbitrary in that a more suitable remedy by injunction was available to abate the encroachment, such assumption would avail plaintiff nothing. His use of the highway was unlawful, and, as to him in his private right, the action of the department was lawful.

Judgment affirmed.

Costs to respondent.

McQUADE, C. J., and McFADDEN, SMITH and KNUDSON, JJ., concur.