403 P.2d 566

The STATE of Idaho ex rel. Wallace G. BURNS, Ernest F. Gaffney, and R. Doyle Symns, Idaho Board of Highway Directors, and Bryce Bennett, Plaintiffs-Respondents,

v.

James P. KELLY, Defendant-Appellant.

No. 9573.

Supreme Court of Idaho.

June 29, 1965.

Rehearing Denied July 26, 1965.

James P. Kelly, pro se.

Faber F. Tway, Chief Legal Counsel, Idaho Dept. of Highways, Jack C. Riddle-

moser, Anton Hohler, Boise, for respondents.

McFADDEN, Justice.

This action was instituted by the State of Idaho, through the Idaho Board of Highway Directors and State Highway Engineer respondents herein, for injunctive relief to compel removal of a certain sign erected and maintained by defendant Kelly, on land claimed by the State as a state highway right-of-way. Defendant James P. Kelly, appellant herein, contested issuance of the injunction, claiming that he was the owner of the fee on which the sign was erected, with the right of use of the ground involved.

A show cause order issued on the basis of the State's verified complaint; appellant filed his answer to the complaint and the cause was heard by the court on the issues so framed. Following the hearing, the court issued a memorandum opinion and rendered findings of fact, conclusions of law and a judgment and decree, granting the injunctive relief requested, requiring abatement of the sign in question. From this judgment, the appeal was taken by appellant.

Briefly the undisputed facts show that in 1933, the State of Idaho was granted by the Department of Interior the right-of-way easement involved herein for highway purposes. At that time the land was unappropriated federal land. The easement was granted for use by the State as a federal-aid-highway, pursuant to the Act of Congress of November 9, 1921, Sec. 17 (42 Stat. 212, now cited: 23 U.S.C.A. § 317). This act, entitled "The Federal Highway Act",

was amendatory of a previous act of Congress of July 11, 1916.

At the point where the sign was erected by appellant the right-of-way extends forty feet north from the center line of Highway 25, and two hundred feet south from the center of the highway. This point is on ground claimed by appellant under a United States patent issued appellant on May 17, 1960, for the north half of the northwest quarter of Section 22, Township 8 south, Range 17 East of the Boise Meridian. The patent issued appellant contains the following reservation.

"There is reserved a right-of-way for a Federal Aid Highway under the Act of November 9, 1921 (42 Stat. 212)."

In 1963 appellant erected the sign in question, which was about five feet by eight feet in size and mounted on two steel posts. The sign was situated about 55 feet southerly from the center line of the highway.

In September, 1963, the State through the Board of Highway Directors served notice on appellant to remove the sign, asserting it was an encroachment and nuisance upon the state right-of-way. (I.C. § 40–120(18), § 40–901). The sign was not removed, and this action was commenced the next month.

The State does not question that it has only an easement for right-of-way purposes across the ground in question, and admits that the appellant owns the fee in land, subject, however, to the right-of-way of the State. Appellant contends, however, that the State is not using all of the right-of-way for highway purposes, and that he is entitled to the use of the unused portion of the right-of-way, and hence was entitled to erect and maintain the sign in question.

The Federal Highway Act of November 9, 1921 (42 Stat. 212, 23 U.S.C.A. Chap. 1), authorized the Secretary of Agriculture to cooperate with state highway departments for the construction of highways with the aid of federal funds for approved projects. Sec. 17 of the act (23 U.S.C.A. § 18) established the procedures for appropriation of public lands to highway purposes, with authority to appropriate and transfer rights-of-way to State highway department for highway purposes. This section of the act also provided for reversion of lands when the need therefor no longer existed. Sec. 17 of the act of November 9, 1921, was enacted by Congress on August 27, 1958 (72 Stat. 916, 23 U.S.C.A. § 317), by which act the Secretary of Commerce was substituted for the Secretary of Agriculture.

Section 18 of the Act of November 9, 1921, (re-enacted by the 1958 act, 23 U.S. C.A. § 315) authorized the Secretary to prescribe and promulgate necessary rules and regulations for carrying out the provisions of the act, including, "such rec-

ommendations to the Congress or State highway departments as he deems necessary for preserving and protecting the highways and insuring the safety of traffic thereon."

Code of Federal Regulations, Title 23, the federal regulations as to highways during the times involved herein, was enacted under authority of 23 U.S.C.A. § 315, and § 1.23 thereof provides that all real property, including air space, within the right-of-way boundaries of a project shall be devoted exclusively to public highway purposes (subject to an exception not involved herein). This section of the regulations states that the State highway departments shall be responsible for preserving the rights-of-way free of all public and private installations, facilities or encroachments, (subject to certain exceptions not herein involved).

In Bare v. Department of Highways, 88 Idaho 467, 401 P.2d 552, this court, involving a case wherein there was an encroachment on the state highway right-of-way stated:

\* \* \* "The state in its sovereign capacity and in the exercise of its police power, may regulate, limit, or prohibit the use of the highways 'for private purposes.' State ex rel. Rich v. Idaho Power Company, 81 Idaho 487, 346 P.2d 596 (1959); Lewis v.

Lorenz, 144 Colo. 23, 354 P.2d 1008 (1960); Carlton v. Pacific Coast Gasoline Co., 110 Cal.App.2d 177, 242 P.2d 391 (1952). The legislature has authorized the board of highway directors to make rules and regulations governing the use of highways. I.C. § 40–120(13). The legislature has accepted the benefits of acts of Congress providing federal aid for the construction and maintenance of highways, I.C. § 40–2401, and has authorized its board of highway directors, in the name of the state, to enter into contracts and agreements with the federal government, or the authorized agencies thereof, for the planning, construction and maintenance of highways. I.C. § 40–2402.

"The improvement of highway 28 undertaken in 1959, and consisting of hard-surfacing of a 24 foot strip along the center thereof, was a federal aid project. Federal law provided that:

'(c) If at any time the Secretary [of Commerce] shall find that any project constructed under the provisions of this chapter, or constructed under the provisions of prior Acts, is not being properly maintained, he shall call such fact to the attention of the State highway department. If, within ninety days after receipt of such notice, such project has not been put

in proper condition of maintenance, the Secretary shall withhold approval of further projects of all types in the entire State until such project shall have been put in proper condition of maintenance, * * *.' 23 U.S.C.A. § 116.

Plaintiff's use of the highway constituted an encroachment thereon and a violation of federal regulation."

As in Bare v. State (supra), in the instant case,.Highway 25 is a federal-aid-project.

The legislature of this state has enacted several provisions defining a "highway", concerning highway administration, the use of highways, and obstruction or injuries to highways, to-wit:

I.C. § 40–107: "Highways are hereby defined as roads, streets, alleys and bridges laid out or established for the public or dedicated or abandoned to the public. Such highways shall include necessary culverts, sluices, drains, ditches, waterways, embankments, retaining walls, bridges, tunnels, grade separation, structures, roadside improvements, pedestrian facilities, and any other structures, works or fixtures incidental· to· the preservation or improvement .of such highways.

"§ 49–514(a) 'Street or highway.'— The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.

(b) * * *

(c) 'Roadway.' That portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the berm or shoulder. * * *"

Chapter 9, Title 40 of the Idaho Code authorizes removal of encroachments on highways, and establish the procedure for removal of encroachments of any sort. I.C. § 40–12C(18) provides that the Idaho Board of Highway Directors shall have power to:

"Forbid, restrict or limit the erection of unauthorized signs, billboards or structures *on the right-of-way of any state highway*, and remove therefrom and destroy any unauthorized signs now or hereafter existing thereon." (Emphasis added).

Thus the Idaho Board of Highway Directors acting through their agents, has full authority to have the sign removed as was done here.

Appellant contends, however, that the trial court was in error in its judgment and decree, asserting that he being the owner of the fee upon which the southerly portion of the highway and right-of-way are situate, under the federal statutes and regulations governing issuance of patents to

federal land, he is entitled to make use of all the right-of-way not actually employed for actual highway purposes. He contends that the sign was erected upon a portion of the right-of-way not used for highway purposes and that he had the absolute right to maintain it on his own ground. Appellant urges that the federal regulation controlling here is 43 C.F.R. Sec. 244.9(1), (Dec. 23, 1954) which provides:

"An applicant, by accepting a right-of-way, agrees and consents to comply with and be bound by the following terms and conditions, excepting those which the Secretary [of Interior] may waive in a particular case.

(a) * * *

(1) That the allowance of the right of way shall be subject to the express condition that the exercise thereof will not unduly interfere with the management, administration, or disposal by the United States of the lands affected thereby, and that he agrees and consents to the occupancy and use by the United States, its grantees, permittees, or lessees of any part of the right-of-way not actually occupied or required by the project, or the full and safe utilization thereof, for necessary operations incident to such management, administration, or disposal."

Appellant also refers to another federal regulation, 43 C.R.F. Sec. 244.7, which provides:

"(a) No interest granted by the regulations in this part shall give the holder thereof any estate of any kind in fee in the lands. The interest granted shall consist of an easement, license, or permit in accordance with the terms of the applicable statute; no interest shall be greater than a permit revocable at the discretion of the authorized officer unless the applicable statute provides otherwise. * * *

(b) All persons entering or otherwise appropriating a tract of public land, to part of which a right-of-way has attached under the regulations in this part, take the land subject to such right-of-way and without deduction of the area included in the right-of-way."

In his supplemental brief, reiterating statements contained in his other briefs, appellant states:

"And Title 43, part 244, subsection 9(1) specifically states that the holder of the easement shall 'agree and consent to the use and occupancy by a grantee of the United States to *any* portion not *actually* occupied by the *road'*."

However, 43 C.F.R. § 244.9(1) reads otherwise; the pertinent portion reads:

" * * * and he agrees and consents to the occupancy and use by the United States, its grantees, permittees, or lessees of any part of the right-of-way not actually occupied or required by the *project*. * * * "

43 C.F.R. § 244.1(e) provides:

" 'Project' means the physical structures in connection with which the right-of-way is approved."

It is our conclusion that the project involved herein is not limited to the actual road-way, or travelled portion of the highway, but encompasses all the area within the limits of the right-of-way itself. This conclusion is consonant with the definition of the term "highway" as appears in I.C. § 40–107, § 49–514, and with the reasoning employed in Bare v. Department of Highways, 88 Idaho 467, 401 P.2d 552, where this court stated:

"The term 'highway' includes the entire width of the right-of-way, whether or not the entire area is actually used for highway purposes. Rich v. Burdick (supra) [83 Idaho 335, 362 P.2d 1088]; I.C. § 40–107 (by implication); Carleton v. Pacific Coast Gasoline Company, 110 Cal.App.2d 177, 242 P.2d 391, (1952) (statutory)".

In further response to appellant's contention that he has the right to the use of that portion of the highway not actually used for traffic, attention is called to the case of People v. Henderson, 85 Cal.App. 2d 653, 194 P.2d 91, (Ct.App.Cal.1948). That case involved an alleged obstruction or nuisance on a highway in the form of a shed erected on a right-of-way. The defendants claimed that the maintenance of the shed did not constitute an interference, for it was off the traveled portion of the highway. The court in upholding the injunction against maintenance of the shed said:

" * * * It is a well-settled principle of common-law, which has frequently been embodied in statutory form, that a structure maintained upon a public roadway is unlawful (citing cases), and is a nuisance per se subject to abatement at the instance of proper authority. (citing cases). It is no defense to an action based thereon that the structure is off the traveled part of the highway or that sufficient areas remain to allow public use of the right of way in the accustomed manner. (citing cases) Where the sole question is whether the maintenance of the structure or obstruction is inconsistent with the full enjoyment of the right of way by the public, the owner of the fee

: is· deemed to possess no greater rights than those who are strangers to the title. (citing cases.)"

In that case the court also noted that highways are under the control of the Department of Public Works and it is within the power of that department to keep the highways free from encroachments, and to determine what constitutes an encroachment. The court said that the line to be drawn between those encroachments that would, and those that would not, infringe upon the rights of, and adverse to the interests of the public must be drawn by that department in the proper exercise of its discretion.

The Supreme Court of Oklahoma in State ex rel. Dept. of Highways v. Bailey, 389 P.2d 98, (Okl.1963), likewise came to the conclusion that the determination of the highway commission as to what constitutes an obstruction or encroachment on highway right-of-way is conclusive, except for abuse of discretion.

As in California with its Department of Public Works, and in Oklahoma with its Highway Commission, Idaho's Board of highway directors is empowered to regulate or prohibit erection or maintenance of unauthorized signs. I.C. § 40–120(18). This grant of authority carries with it the duty and power to determine what constitutes such an obstruction, and

such a determination made by the Board is conclusive in the absence of a showing of arbitrary exercise of this authority or an abuse of discretion. In the instant case there is no showing of any such abuse of discretion. The judgment of the trial court is affirmed.

Costs to respondent.

McQUADE, C. J., and TAYLOR, SMITH and KNUDSON, JJ., concur.