963 P.2d 397

**PINES, INC., an Idaho Corporation, Plaintiff–Appellant,**

v.

**James BOSSINGHAM and Evelyn Bossingham, husband and wife, and the State of Idaho, Defendants–Respondents.**

Nos. 21689, 23277.

Court of Appeals of Idaho.

July 30, 1998.

David A. Frazier, Coeur d'Alene, for Plaintiff–Appellant.

Roland D. Watson, Coeur d'Alene, for Defendants–Respondents, Bossinghams.

Alan G. Lance, Attorney General; John J. McMahon, Deputy Attorney General, Boise, for respondent, State of Idaho. John J. McMahon argued.

PERRY, Judge.

In these consolidated appeals, Pines, Inc. asserts that the district court erred by awarding summary judgment in the underlying cases. Pines also claims the district court erred in awarding attorney fees and by denying Pines' motion to vacate the judgment on the final lawsuit. For the reasons set forth below, we affirm in part and reverse in part.

## I.

## BACKGROUND

These consolidated appeals arose out of a dispute concerning a small piece of real property owned by James Bossingham located adjacent to an off-ramp for State Highway 95 in Coeur d'Alene. The property is also adjacent to real property on which is located a motel, restaurant and lounge owned by Pines. Prior to Bossingham's acquisition of the property, it was owned by the State of Idaho. During the period of time the state owned the property, Pines and its predecessors paved a portion of the property, marked off parking spaces and utilized it for commercial parking. When the property was later deemed surplus property by the state, it was sold at a public auction in January 1989 to Bossingham for $495.

The subject property, under Bossingham's ownership, is landlocked. After Bossingham purchased the property, he barricaded the property multiple times to prevent it from being further used for parking by Pines. In order to gain access to his property to place the barricades, Bossingham had to cross the land owned by Pines. The barricades, however, were often knocked down and Pines' customers continued to use the paved portion of Bossingham's property for parking. Subsequently, a feud developed between Bossingham and Ivar Kljavin, an officer and shareholder of Pines.

The dispute over the property resulted in four lawsuits. The first lawsuit, case number 91–84104, was brought by Bossingham against Kljavin alleging that Kljavin was trespassing by allowing a paved parking lot to exist on Bossingham's property. Bossingham's lawsuit was dismissed with prejudice after both parties' motions for summary judgment were granted by the district court. Neither party appealed from the judgment in this lawsuit.

Pines subsequently filed case number 91–87022 against Bossingham, asserting a claim of adverse possession of Bossingham's property. Pines also filed case number 91–87050 against Bossingham, alleging that Bossingham had been trespassing on its property and harassing its customers. Bossingham counterclaimed, asserting that Pines had trespassed on his property. The two cases were consolidated. Bossingham moved for summary judgment on the adverse possession claim. Bossingham argued that Pines was collaterally estopped from asserting adverse possession on the basis that this issue had been decided in case number 91–84104. The district court granted Bossingham's motion, leaving only the parties' trespass claims for trial.

On October 1, 1992, Pines filed case number 92–92556 against Bossingham and the state asserting another claim for adverse possession of the property. Pines asserted that it had paved the property, thereby improving the property. Pines alleged that because the state did not advertise the property as being sold with improvements, Pines was not on notice that the state was selling property that Pines had improved and adversely possessed. Pines therefore contended that the sale of the improved portion of the property was not valid. Case number 92–92556 was consolidated with case numbers 91–87022 and 91–87050. Bossingham moved for summary judgment, contending that the issues raised in case number 92–92556 had already been litigated. The district court granted Bossingham's motion. The district court's order served as a final judgment for case numbers 91–87022 and 91–92556. The district court also awarded attorney fees in favor of Bossingham based on the court's findings that case number 92–92556 had been brought frivolously, unreasonably and without foundation. The trespass claims in case number 91–87050 were set to proceed to trial.

Pines timely moved to amend findings of fact, conclusions of law and to vacate the judgment entered in case number 92–92556. The district court denied the motion. Pines appealed case numbers 91–87022 and 92–92556.

Case number 91–87050 went to court trial and the district court found in favor of both sides with offsetting awards for trespass and punitive damages. Pines appealed case number 91–87050. The two appeals were subsequently consolidated.

## II.

### ISSUES PRESENTED ON APPEAL

1. Did the district court err in entering summary judgment against Pines on its claim that Bossingham could not have purchased the improved portion of the property?

2. Did the district court err in awarding Bossingham summary judgment based on the court's ruling that adverse possession cannot be accomplished against state right-of-way property?

3. Did the district court err in awarding Bossingham summary judgment based on the court's ruling that Pines was collaterally estopped by the judgment in case number 91–84104?

4. Did the district court err in awarding Bossingham attorney fees based on the court's ruling that case number 92–92556 was brought frivolously?

5. Did the district court err in denying Pines' motion to amend findings and conclusions and to vacate the judgment entered in case number 92–92556?

## III.

### STANDARD OF REVIEW

We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.,* 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App.1986). When assessing the motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.,* 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v.*

*Kuna Joint School Dist.,* 125 Idaho 872, 876 P.2d 154 (Ct.App.1994).

## IV.

### DISCUSSION

#### A. Improvements to the Property

Pines contends that case number 92–92556 was predicated upon the fact that the state's "Notice of Sale," published prior to Bossingham's purchase, described the property as having no improvements. Pines contends that "if improved property was not advertised as being sold, Bossingham could not purchase the same." We are unpersuaded by Pines' argument.

Pines cites Idaho Code Section 58–313 in support of its position. Section 58–313 provides, in part, that the advertisement shall state "a description of the land and value of the improvements, if any, thereon."

At the time of the state's public auction,[1] the property owned by the state was sold, as disclosed in the "Notice of Sale," with "no improvements." The state had not paved any portion of the property or made any other improvements. The state treated any paving done by Pines as an illegal encroachment. Although this may have provided Pines with more parking area, there is no evidence in the record that the state's landlocked parcel was increased in value. The state was entitled to sell the parcel of property it owned. Pines should not be allowed to make an uninvited alteration to property it does not own and then attempt to invalidate the sale of said property by the rightful owner to a third party.

Thus, we determine that the sale of the state's property to Bossingham was valid. Accordingly, the district court did not err in awarding summary judgment to Bossingham in this regard.

#### B. Adverse Possession

Pines argues that the district court erred in ruling that adverse possession cannot be accomplished against state right-of-

---

1. Klajvin was personally present at the auction. There is, thus, no evidence that he was "misled" by the notice of sale.

way property. Pines contends that the principles set forth in *Rutledge v. State,* 94 Idaho 121, 482 P.2d 515 (1971) should be extended to such property.

In addressing this issue, the district court stated:

> Pines asks this court to apply the rationale of *Rutledge v. State,* 94 Idaho 121, 482 P.2d 515 (1971), to the facts of this case. Such an application would clearly be in error. *Rutledge* did not involve a highway right-of-way nor did it deal in property purchased by public funds. It dealt with the natural rechanneling of a navigable stream. The court's ruling was based on the proposition that once the bed of a navigable stream is no longer navigable, there is no public need, or use, for the State to own the bed and that the former bed is subject to adverse possession.

> Conversely, the main body of law concerning adverse possession of State owned land has consistently held that a highway right-of-way, even the unused potions therein, is not subject to adverse possession. *See Rich v. Burdick,* 83 Idaho 335, 362 P.2d 1088 (1961). Therefore, as a matter of law, I find that Pines' claim of adverse possession against the State, even if not barred by the doctrine of res judicata, is unfounded as contrary to law.

On review, we agree with the district court's analysis and conclude that, under *Rich v. Burdick,* 83 Idaho 335, 362 P.2d 1088 (1961), Pines' adverse possession claim is unfounded as contrary to law. *See also Pullin v. City of Kimberly,* 100 Idaho 34, 36, 592 P.2d 849, 851 (1979) ("[I]t is well settled in Idaho that an abutting landowner's use or possession of an unused portion of a highway is not adverse to the public and cannot ripen into a right or title no matter how long continued."); *Bare v. Dep't of Highways,* 88 Idaho 467, 470, 401 P.2d 552, 553 (1965) ("An abutting owner cannot acquire a right to use a portion of a highway right-of-way for a private business purpose by prescription or acquiescence."). Accordingly, the district court did not err in awarding summary judgment in this regard. We also note that, as conceded by Pines at oral argument, Pines does not have the five-year statutory period

of time for an adverse possession claim against Bossingham without including the state's ownership in its calculation. Therefore, Pines' entire adverse possession claim against the state and Bossingham in all lawsuits fails.

## C. Collateral Estoppel

Pines claims the district court erred in ruling that Pines was bound under the doctrine of collateral estoppel by a judgment against one of its officers, Kljavin, in case number 91–84104 brought by Bossingham against Kljavin personally. Based on our resolution of Pines' adverse possession claim, it is unnecessary for us to reach the merits of this issue except for its relevancy to the award of attorney fees challenged by Pines.

 The collateral estoppel doctrine prevents the relitigation of issues actually litigated and decided in a prior case. *Anderson v. City of Pocatello,* 112 Idaho 176, 183, 731 P.2d 171, 178 (1986). Collateral estoppel serves the policies of protecting litigants from unnecessary costs by not forcing them to relitigate identical issues, promotes judicial economy by avoiding needless litigation, and prevents inconsistent decisions and encourages reliance on adjudications. *Id.* In *Anderson,* the Idaho Supreme Court stated:

> The more appropriate test for whether collateral estoppel should apply includes the following: (1) Did the party "against whom the earlier decision is asserted ... have a 'full and fair opportunity to litigate that issue in the earlier case[?]' " (2) Was the issue decided in the prior litigation "identical with the one presented in the action in question?" (3) Was the issue actually decided in the prior litigation? This may be dependent on whether deciding the issue was "necessary to [the prior] judgment." (4) "Was there a final judgment on the merits?" (5) "Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?"

*Id.* at 183–84, 731 P.2d at 178–79 (citations omitted).

 Neither Pines nor Bossingham has provided this Court with the pleadings, tran-

scripts or record from case number 91–84104. However, Pines and Bossingham have acknowledged that procedurally *both parties* were granted summary judgment in that case and Bossingham's lawsuit against Kljavin was *dismissed with prejudice*. At the time of the dismissal, the district court had not ruled on Bossingham's motion to amend his complaint to add Pines as a defendant. Accepting the parties' procedural characterization of case number 91–84104, in combination with the history of case number 91–84104 as provided by the district court in the subsequent cases, we conclude that collateral estoppel was inapplicable. Bossingham did not have: (1) a judgment on the merits in his favor; (2) a judgment establishing that he was the prevailing party; or (3) a judgment against Pines. As noted, case number 91–84104 was filed against only Kljavin, and the motion to add Pines as a defendant was not ruled upon at the time of the dismissal. What this Court has deduced regarding case number 91–84104 is that the parties' cross-motions for summary judgment were granted and Bossingham's lawsuit was dismissed with prejudice. Therefore, even without a complete record of case number 91–84104, based on Bossingham's own characterization of that case, we conclude that the district court erred in applying collateral estoppel and barring Pines from asserting an ownership interest in the disputed property.[2]

## D. Attorney Fees

In case number 92–92556, the district court ruled:

> [P]ursuant to *I.C. § 12–121 and IRCP 54(e)(1)*, as an act of discretion, after considering the parameters of such discretion and based on the record presented in this matter, I find that CV 92–92556 was brought frivolously, unreasonably and without foundation and that Bossingham is entitled to recover his attorney fees. I hereby adopt the reasoning and discussion in the foregoing opinion as my findings pursuant to *IRCP 54(e)(2)* and rely specifically on the finding that the parties' own-

ership interests in the subject matter property as fully adjudicated in CV 91–84104 and that the property at issue and the parties involved in CV 92–92556 are the same as those involved in CV 91–84104. To bring CV 92–92556, after the ownership issue[s] had been decided in CV 91–84104, is frivolous, unreasonable and without foundation.

Our resolution on the improvements to the property and adverse possession issues is determinative on the question of ownership of the property. However, because of our conclusion on the collateral estoppel issue, the award of attorney fees to Bossingham based upon the district court's finding that case number 92–92556 was brought frivolously, unreasonably and without foundation cannot stand. Therefore, we reverse the district court's order awarding attorney fees to Bossingham.

## E. Motion to Amend in Case Number 92–92556

Pines asserts that the district court erred in denying its motion to amend findings and conclusions and to vacate the judgment entered in case number 92–92556. Pines has not supported this issue with argument nor authority. "A party waives an issue on appeal if either authority or argument is lacking." *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct.App.1997). Thus, we will not address this issue further.

## F. Attorney Fees and Costs on Appeal

Neither Pines nor the state has requested attorney fees on appeal. Bossingham requests attorney fees under I.A.R. 41 and I.C. §§ 12–121, –123. We conclude that Pines did not pursue this appeal frivolously, unreasonably or without foundation. We therefore decline to award attorney fees to Bossingham. Based on our resolution of the issues presented in this case, we also decline to award costs on appeal.

---

2. Accepting what the district court found in case number 92–92556 as true regarding case number 91–84104, Bossingham may have had an argument under either equitable estoppel or judicial estoppel. However, neither of these doctrines were argued before the district court and are not before this Court for review.

## V.

## CONCLUSION

We conclude that Pines' contention that the "Notice of Sale" was invalid because it failed to list the value of the improvements placed on the state's property by Pines is without merit. We also conclude that the district court did not err in concluding that Pines' adverse possession claim against state highway right-of-way property was unfounded as contrary to law. Thus, we affirm the district court's order awarding summary judgment in this regard. We also then affirm summary judgment in Bossingham's favor on Pines' adverse possession claim. We conclude that the district court erred in applying collateral estoppel and reverse the district court's award of attorney fees to Bossingham. However, we emphasize our decision to reverse on this issue is limited solely to the award of attorney fees and does not affect any other issue, including Bossingham's ownership of the property. We do not address Pines' argument that the district court erred in denying its motion to amend findings and conclusions and vacate the judgment entered in the final lawsuit because this issue was supported by neither authority nor argument. We affirm the judgments of the district court in all other respects in their entirety.

No attorney fees or costs are awarded on appeal.

LANSING, C.J., concurs.

SCHWARTZMAN, Judge, specially concurring.

I fully concur with the opinion in this case, but write specially to give vent to a few legal/philosophical *musings:*

1. This legal "feud" is, at least temporarily, now brought to a merciful termination point; much to the relief, I might speculate, of District Judges Haman and Judd.

2. After four separate case filings, numerous motions, one court trial, and consolidated appeals, spanning eight years, the parties are back to ground zero, right where they started. Realistically, for all the parties excepting their legal counsel, these cases have been nothing short of a financial drain and legal boondoggle, an exercise in futility. Hopefully, the attorneys obtained their retainers up front.

3. This dispute centers over a small piece of landlocked real estate that sold at auction for the princely sum of $495. One might question why Bossingham would bid on such a parcel, which has no intrinsic commercial worth, other than to the Pines? To which a response might be, why did Kljavin and his corporation, the Pines, let this parcel go to a complete stranger for a pittance? I fear that both parties got far *less* than what they did or did not bargain for.

4. The bottom line or irony is this: there are just some human situations, relationships and entanglements for which our legal system has no helpful response; or, that the parties would have been better off to work out their own solutions in a civil and courteous manner without the full baggage of all these lawsuits. Their legal journey ends right where it began. They are older, poorer, but hopefully, wiser.

Further, this jurist sayeth naught.