630 P.2d 138

E. Marion PUGMIRE,
Plaintiff-Appellant,

v.

John SANDY and Michael J. Fleming,
Defendants-Respondents.

No. 13351.

Supreme Court of Idaho.

June 8, 1981.

Lloyd J. Webb, of Webb, Burton, Carlson, Pedersen & Paine, Twin Falls, for plaintiff-appellant.

John Hepworth and John T. Lezamiz, of Hepworth, Nungester & Felton, Twin Falls, for defendants-respondents.

DONALDSON, Justice.

Plaintiff-appellant Marion Pugmire subleased farm property to defendant-respondent John Sandy. The land was part of a larger parcel of land which was owned by Willis F. Webb and leased to Pugmire. Sandy and his partner, Mike Fleming, farmed the subleased property and harvested a barley crop but paid no rent. Pugmire filed an action seeking rent payments plus six percent interest. Sandy answered and counterclaimed, praying damages for crop loss due to the alleged failure of Pugmire to supply a power source to operate a pump for a sprinkler system on the subleased property.

The trial court, sitting without a jury, found that defendants owed rent but that the plaintiff had breached the sublease and consequently caused defendants' crop failure. The court calculated the defendants' award of $4,379 by deducting the rent due from the damages due for the crop loss. Plaintiff Pugmire appeals.

On appeal, Pugmire devoted a considerable portion of his briefs to alleging that the trial court improperly found that Pugmire had made an implied warranty to Sandy to furnish a power source for the sprinkler pump. We need not discuss the issues raised regarding implied warranties because the trial court found that Pugmire breached an *express* promise of the oral sublease. The answer and counterclaim of the defendants did not raise the issue of implied warranties but rather pled Pugmire's "failure to provide adequate water or an adequate irrigation system as promised and agreed." There is substantial and competent, though conflicting, evidence to support the trial court's finding that "Pugmire materially breached the lease agreement by failing to provide an adequate power source." Pugmire also contends that there is no substantial and competent evidence to support many of the other findings of the trial court. We disagree. A review of the entire record of this case indicates that there is substantial and competent, though conflicting, evidence to support all the trial court's findings. In such a case, it has been the long-settled rule of this Court that such findings will not be disturbed on appeal. I.R.C.P. 52(a); *Cougar Bay Co., Inc. v. Bristol,* 100 Idaho 380, 597 P.2d 1070 (1979); *Jensen v. Bledsoe,* 100 Idaho 84, 593 P.2d 988 (1979).

Judgment affirmed. Costs to respondents. No attorney fees on appeal awarded.

BAKES, C. J., and McFADDEN, BISTLINE and SHEPARD, JJ., concur.