873 P.2d 917

Emanuel V. **CHRISTENSEN** and **Ruth Frances Christensen,** husband and wife, Plaintiffs–Counter Defendants–Appellants,

v.

Lester **NELSON** and **Rahle Nelson,** husband and wife, Defendant–Counter Plaintiffs–Respondents.

No. 20739.

Court of Appeals of Idaho.

April 28, 1994.

Charles M. Dodson, Coeur d'Alene, for appellants.

Sims, Liesche, Newell, Kelso, Wallace & Wallace, P.A., Coeur d'Alene, for respondents. Lisa A. Jones argued.

PERRY, Judge.

Emanuel and Ruth Christensen appeal from a judgment entered by the district court in favor of Lester and Rahle Nelson following a trial. The suit involved land formerly owned by the Christensens that was transferred to the Nelsons. For the reasons stated below, we affirm the judgment of the district court.

## FACTS AND PROCEDURE

The Christensens acquired a forty-acre parcel of property in Kootenai County in the 1970's and were attempting to develop it into a project named the Crystal Springs Subdivision. In 1985, the Christensens began having difficulty meeting a mortgage obligation to Western United Life Assurance Co. on the property. In June of 1985, Western United obtained a foreclosure judgment against the property. The Nelsons, who were neighbors and parcel owners in the subdivision, expressed an interest in helping the Christensens maintain ownership in order to preserve the Christensens' development plan. The Christensens and Nelsons tried to convince Western United to reinstate the mortgage with the loaning of the Nelsons' credit to the Christensens. Western United, however, refused the proposed reinstatement.

In order to avoid the foreclosure sale, the Christensens entered into an agreement with the Nelsons whereby the Nelsons would pay the Christensens $46,595.99, the amount of the foreclosure judgment. In exchange for the payment, the Christensens executed a warranty deed on the property to the Nelsons, but in a separate agreement maintained a two-year option to repurchase the property for the amount the Nelsons paid plus 12 percent interest and additional costs. The documents were drafted by an attorney retained by the Nelsons. Prior to execution, the Christensens had the documents reviewed by their own attorney.

After a negotiated extension of one year, the option to repurchase expired in 1988. In 1991, the Christensens attempted to pay Nelsons the amount loaned, with interest, to regain possession of the property. The Nelsons refused to accept payment or return the property. The Christensens filed suit, claiming the initial transaction was a mortgage, not a sale. At trial, the district court, sitting without a jury, found that the transaction was indeed an outright sale with a repurchase option. The district court then entered judgment in favor of the Nelsons. The district court also awarded the Nelsons their attorney fees in defending the action pursuant to I.C. § 12–120(3). The Christensens appealed, claiming the district court erred in determining that the subject transaction was not a mortgage and awarding attorney fees to the Nelsons. The Nelsons seek attorney fees and costs on appeal.

## ANALYSIS

### I. CHARACTERIZATION OF THE TRANSACTION

In this case, both parties agree that the district court was required to apply a clear and convincing standard to its findings of fact and that the district court properly employed that standard.[1] Our first step, then, is to outline our standard of review on appeal. Our review of a lower court's decision after a court trial is confined to ascertaining whether the evidence presented supports the findings of fact and whether those findings of fact in turn support the conclusions of law. *Alumet v. Bear Lake Grazing Co.,* 119 Idaho 946, 949, 812 P.2d 253, 256 (1991); *Johnson v. Edwards,* 113 Idaho 660, 747 P.2d 69 (1987). When a district court sits without a jury and issues specific findings of fact, our review of the findings of fact below is limited. We will not set aside the lower court's findings of fact unless they are clearly erroneous. I.R.C.P. 52(a). We do not weigh the evidence, nor do we substitute our view of the facts for the view of the trial judge. We defer especially to the district court's opportunity to judge the credibility of witnesses appearing personally before it. I.R.C.P. 52(a); *Rueth v. State,* 103 Idaho 74, 644 P.2d 1333 (1982); *County of Canyon v. Wilkerson,* 123 Idaho 377, 848 P.2d 435 (Ct. App.1993).

When reviewing findings of fact by a trial court in a case where a fact must be established by clear and convincing evidence, our job is simply to determine whether there is substantial and competent evidence to sustain that finding. *Matter of Estate of Courtright,* 99 Idaho 575, 578, 586 P.2d 265, 268 (1978); *Hofmeister v. Bauer,* 110 Idaho 960,

---

1. On appeal, the Christensens initially argued that their burden at trial was merely to establish the existence of the mortgage by a preponderance of the evidence. This contention, as admitted by counsel at oral argument, has now been abandoned.

719 P.2d 1220 (Ct.App.1986). "Substantial and competent" evidence is evidence that a reasonable trier of fact would accept and rely upon in determining whether a disputed point of fact has been proven. *PFC, Inc. v. Rockland Telephone Co., Inc.,* 121 Idaho 1036, 1038, 829 P.2d 1385, 1387 (Ct.App. 1992).

■ Unlike our review of findings of fact, application of the law to the facts is subject to a free review. *Kawai Farms, Inc. v. Longstreet,* 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992); *Cole v. Kunzler,* 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct.App.1989); *Standards of Appellate Review* § 3.2, IDAHO APPELLATE HANDBOOK (Idaho Law Foundation, Inc. 1985).

■ It was the Christensens' burden at trial to establish that the transaction was intended to be a mortgage by clear and convincing evidence. *McGill v. Lester,* 108 Idaho 561, 564 n. 1, 700 P.2d 964, 967 (Ct. App.1985). The Christensens do not argue that the law was misapplied, only that they met their burden and proved by clear and convincing evidence that the underlying transaction was indeed a mortgage.

■ In the case before us, both parties agree that the applicable law has been set forth in *McGill, supra.* In that case, this Court stated that a conveyance, which appears absolute in form, may be shown by extrinsic evidence to actually be security for a debt. In making the determination that such a conveyance is meant to be security for a debt, a court should consider the following six factors:

 (a) the existence of a debt to be secured;

 (b) survival of the debt after execution of the instrument in question;

 (c) any previous negotiations of the parties;

 (d) the inadequacy of consideration for an outright conveyance;

 (e) the financial condition of the purported grantor; and

 (f) the intention of the parties.

108 Idaho at 564, 700 P.2d at 967.

 All of the factors relate to the same question of the intent of the parties. As to factors (a), (b), and (f), at trial both parties agreed that the Nelsons had paid the $46,-595.99. They simply disputed what the significance of that payment was. Emanuel Christensen testified that despite what the documents indicated, he believed the money was a loan. The Nelsons, on the other hand, testified that there was no obligation to pay back the money, merely an option to repurchase the land if the Christensens became financially able to do so. The district court, after hearing the testimony of the parties, found that "It is not credible that Christensens, after consultation with their lawyer, could believe that they were entering into a mortgage arrangement with the Nelsons." The district court therefore concluded that because the intent of the parties was to execute an outright sale, no debt was owing the Nelsons following the transaction. The testimony of the parties and the documents themselves were substantial and competent evidence upon which the district court's factual findings relating to intent could be supported.

 As to factor (c) outlined in *McGill,* both parties testified that there were discussions, but the ultimate issue was the nature and content of those discussions. The district court concluded, again based on the testimony of the parties, that the negotiations did not support recharacterization of the transaction as a mortgage.

■ At trial, the Christensens offered expert testimony to establish the value of the land. This evidence was introduced to show that the sale price was far below market value, another factor enumerated in *McGill.* Although the expert testified that he valued the land at $82,000, Nelson testified that the value was $59,000–$60,000. The district court found that "The reasonable market value of the property on October 10, 1985 for a quick sale was $60,000." As a trier of fact, the district court was allowed to make the final decision on how much weight, if any, to give to an expert's testimony. Provided that the trier of fact does not act arbitrarily, an expert's opinion may be rejected even when uncontradicted. *Simpson v. Johnson,* 100 Idaho 357, 362, 597 P.2d 600, 605 (1979). Therefore, we cannot say that the finding of

fact of the district court was clearly erroneous. Assuming that $60,000 was the value of the property for a quick sale, a $46,595.99 sale price is not so inadequate as to require recharacterization of the transaction. Even so, inadequacy of price is not by itself enough to justify a finding that a deed was intended as a mortgage. *Dickens v. Heston,* 53 Idaho 91, 102, 21 P.2d 905, 909 (1933).

Finally, we address the question of the financial condition of the grantor, in this case the Christensens, pursuant to *McGill* factor (e). Although it appeared from testimony at trial that the Christensens were suffering from financial problems, this fact, standing alone, does not justify a recharacterization of the transaction to a mortgage. We note that the Christensens carried the burden to establish a mortgage considering all the factors presented in *McGill.* Merely because one of the six factors has been met does not require a recharacterization. Even coupled with the claimed inadequacy of price, these factors are not enough to warrant a recharacterization of the transaction in light of all the other evidence presented.

We hold that the district court properly considered the recharacterization factors as outlined in *McGill,* applied the appropriate standard and reached findings of fact that were supported by substantial and competent evidence. As to the conclusions of law, our free review of the facts and applicable law reveals no error in the conclusion that the underlying transaction was an outright sale and not a mortgage. As such, we affirm the judgment of the district court as to the characterization of the transaction.

## II. ATTORNEY FEES IN THE UNDERLYING ACTION

At trial, the district court awarded attorney fees to the Nelsons pursuant to I.C. § 12–120(3). At oral argument on appeal, counsel for the Christensens conceded that if the initial judgment were upheld, then the attorney fees award to the Nelsons would not be error. Because we have upheld the underlying judgment, the award of attorney fees at trial must also be upheld.

## III. ATTORNEY FEES ON APPEAL

The Nelsons also seek attorney fees on appeal pursuant to the terms of the agreement between the parties as well as I.C. §§ 12–120 and 12–121. The agreement stated that, "If it becomes necessary for either party to initiate legal action to enforce the terms of this agreement, the prevailing party is entitled to attorney's fees and costs." Because the Nelsons have prevailed on appeal, we award them attorney fees on appeal as provided in the agreement.

## CONCLUSION

There was substantial and competent evidence presented at trial to support the findings of fact of the district court. Our free review of the record does not indicate that the district court erred in any of its legal conclusions. Because we have upheld the judgment below, the award of attorney fees is also upheld. Pursuant to the terms of the agreement, we award attorney fees to the Nelsons as the prevailing party on appeal, together with their costs.

WALTERS, C.J., and LANSING, J., concur.