973 P.2d 161

Kent L. KLOSTERMAN, Plaintiff–Appellant,

v.

Bradley J. ROGERS and Debbie S. Rogers, husband and wife; and Teleforo Gonzales Juarez, Defendants–Respondents.

No. 24472.

Court of Appeals of Idaho.

Feb. 19, 1999.

Ingram Law Office, Burley, for appellant. Mark A. Ingram argued.

Benoit, Alexander, Sinclair, Harwood & High, Twin Falls, for respondent. John K. Butler argued.

SCHWARTZMAN, Judge.

This is an appeal from the district court's order dismissing an employer's claim for damages due to the negligent injury of his employee.

## I.

## FACTS AND PROCEDURE

On August 22, 1996, a pickup truck driven by Jorge Luis Vasquez collided with a tractor driven by Telesforo Gonzalez Juarez, damaging the truck and injuring Vasquez. Kent L. Klosterman, the owner of the truck and Vasquez's employer, paid Vasquez his usual wages and provided him with an apartment during his "2¾" months of recovery.

Klosterman later filed a complaint *pro se* which asserted damages for the loss of the truck, costs of storage, cost of renting another truck, towing fees associated with the accident, reimbursement for time spent on the preparation of legal documents, Vasquez's medical bills and wages afforded Vasquez during his convalescence. He also asked for damages for the inconvenience of the loss of the use of his truck and the loss of the services of his employee. The complaint listed Juarez as a defendant as well as Bradley and Debbie Rogers, the owners of the tractor involved in the accident.

By stipulation, Klosterman's case was consolidated with a case Vasquez brought against Juarez and the Rogers, each suit having arisen from the same set of facts. The consolidated cases were sent to mediation where all claims were resolved except those brought by Klosterman. The defendants then brought a motion to dismiss or, in the alternative, for partial summary judgment on the unresolved claims. To support this motion the defendants filed an affidavit from their attorney which included a copy of the release agreement in which Vasquez acknowledged the payment of his medical expenses and released the defendants and their insurance carrier from further liability. The district court granted the defendants' motion

in relation to the claims for wages and loss of services, medical expenses already paid by insurance, inconvenience and legal document preparation. Klosterman then filed a motion to reconsider his claims for wages paid to Vasquez, for the loss of services of his employee and for his time, effort and inconvenience. This motion was denied. However, the court entered an amended opinion reiterating which claims were dismissed. The district court then granted Klosterman's request for certification pursuant to I.R.C.P. 54(b), and he timely filed a notice of appeal. On appeal Klosterman raises only the question of whether an employer can recover for the loss of an employee's services.

## II.

### STANDARD OF REVIEW

It is unclear from the district court's opinions whether it dismissed Klosterman's claims for failure to state a claim under I.R.C.P. 12(b)(6) or granted the defendants' motion for partial summary judgment pursuant to I.R.C.P. 56. However, it is apparent that in making its determinations the court went outside of the pleadings. Accordingly, we review the district court's order as one granting summary judgment. *See Tomchak v. Walker*, 108 Idaho 446, 447, 700 P.2d 68, 69 (1985) (holding that order on motion to dismiss the complaint or in the alternative for summary judgment would be reviewed as an order for summary judgment where parties filed affidavits, a deposition and briefs).

When faced with an appeal from a summary judgment, this Court employs the standard of review properly applied by the trial court when originally ruling on the motion. *East Lizard Butte Water Corp. v. Howell*, 122 Idaho 679, 681, 837 P.2d 805, 807 (1992); *Washington Federal Savings & Loan Ass'n v. Lash*, 121 Idaho 128, 130, 823 P.2d 162, 164 (1992). In order to determine whether judgment should be entered as a matter of law, the trial court must review the pleadings, depositions, affidavits, and admissions on file. I.R.C.P. 56(c). On review, as when the judg-

ment is initially considered by the trial court, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor. *Tolmie Farms v. J.R. Simplot Co., Inc.*, 124 Idaho 607, 609, 862 P.2d 299, 301 (1993); *Doe v. Durtschi*, 110 Idaho 466, 469, 716 P.2d 1238, 1241 (1986). However, if the evidence reveals no disputed issues of material fact, the trial court should grant summary judgment. I.R.C.P. 56(c); *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 720, 791 P.2d 1285, 1299 (1990).

## III.

**THE DISTRICT COURT DID NOT ERR IN DETERMINING THAT AS A MATTER OF LAW KLOSTERMAN COULD NOT RECOVER FOR THE LOSS OF VASQUEZ'S SERVICES WHICH RESULTED FROM THE NEGLIGENT ACTS OF THE DEFENDANTS**

Whether an employer can recover for the loss of services of an employee is a question of first impression in Idaho. This traditional cause of action is rooted in a common law right of recovery for damages suffered by an employer when an employee is injured by a third person. *See* Joel E. Smith, J.D., Annotation, *Employer's Right of Action for Loss of Services or the Like Against Third Person Tortiously Killing or Injuring Employee*, 4 A.L.R.4th 504 (1981). The action developed at a time when the relationship between an employer and employee was very close. *Id.* at 508. Essentially, the employee was viewed as *chattel* of the employer, and a claim for damages was based upon the damage to this property right. *Id.* at 512. By statute, Idaho has enacted the rules of the common law, unless modified by other legislative enactments. *See* I.C. § 73–116;[1] *Evans v. Twin Falls County*, 118 Idaho 210, 215, 796 P.2d 87, 92 (1990). However, a review of the history of this cause of action reveals that although originally a part of

---

1. Idaho Code section 73–116 states, "The common law of England, so far as it is not repugnant to, or inconsistent with, the constitution or law of the United States, in all cases not provided for in these compiled laws, is the rule of decision in all courts of this state."

English common law, this doctrine had been profoundly limited prior to Idaho's adoption of the common law.

> The eighteenth century sees an important development. We find that the action per quod has become confined to menial servants and apprentices, those who lived in the household as part of the family, for the very good reason that they alone could then be considered as the property of the master.... We may take it, therefore, that at the close of the eighteenth century the action was confined to the members of the household who rendered services to the head of it and who had to be kept by him in sickness and in health—sons, daughters, apprentices, and so forth—for in them alone was there a resemblance of property.

*Inland Revenue Commissioners v. Hambrook*, 2 Q.B. 641, 662–64 (1956). At most, Idaho's adoption of the common law, first done while still a territory in 1864, resulted in the ratification of a cause of action for menial servants and apprentices who were considered members of the employer's household.

Even assuming that Vasquez, a farm worker, fit into this narrow category of employees for which an employer could recover at common law, we find that the doctrine is inapplicable in modern times,[2] therefore preventing any recovery by Klosterman as an employer.

> This Court in the proper performance of its judicial function is required to examine its prior precedents. When precedent is examined in the light of modern reality and it is evident that the reason for the precedent no longer exists, the abandonment of the precedent is not a destruction of stare decisis but rather a fulfillment of its proper function.

> Stare decisis is not a confining phenomenon but rather a principle of law. And when the application of this principle will not result in justice, it is evident that the doctrine is not properly applicable.

*Smith v. State,* 93 Idaho 795, 801, 473 P.2d 937, 943 (1970), *superseded by statute on other grounds as stated in Gavica v. Hanson,* 101 Idaho 58, 65, 608 P.2d 861, 868 (1980); *Sherwood v. Carter,* 119 Idaho 246, 255, 805 P.2d 452, 461 (1991), *quoting Smith, supra.* Just as this Court should examine its own precedent, so too it should examine antiquated precedent pronounced by previous courts.

After a review of the basis of the cause of action, this Court agrees with the clear weight of authority which holds that it is "a reflection of an outdated social concept and is an anomaly in today's society in which employer/employee relationships are based on contract rather than on ownership." *Champion Well Service, Inc. v. NL Industries,* 769 P.2d 382, 383 (Wyo.1989); *accord I.J. Weinrot and Son, Inc. v. Jackson,* 40 Cal.3d 327, 220 Cal.Rptr. 103, 708 P.2d 682 (Cal.1985); *Snow v. West,* 250 Or. 114, 440 P.2d 864 (Or.1968). The Idaho Supreme Court has recognized that the relationship of an employer-employee is contractual in nature. *See Hummer v. Evans,* 129 Idaho 274, 280, 923 P.2d 981, 987 (1996) (noting that all employees, whether at will or for a definite term, are subject to employment contracts). The modern understanding of the employer/employee relationship renders the doctrine which allows recovery "obsolete, archaic and outmoded and ... as an instrument of social policy, it has no relevance to present-day employer-employee relationships." *Weinrot,* 220 Cal.Rptr. 103, 708 P.2d at 691.

Accordingly, we find that the common law cause of action, which allowed an employer to recover for damages based upon injuries to his employee, had its genesis in a social, economic and political climate entirely foreign to Idaho in modern times. As such, we hold that the doctrine is both repugnant to, and inconsistent with, current Idaho law.

---

**2.** *See* U.S. CONST. AMEND. XIII, *effectively overruling Dred Scott v. Sandford,* 60 U.S. (19 How.) 393, 15 L.Ed. 691 (1856); *see also* IDAHO CONST art. I, § 1.

## IV.

### CONCLUSION

We hold that an employer cannot recover for the loss of services of a negligently injured employee. The district court's order dismissing this claim is affirmed. Costs, but not attorney fees, are awarded to respondents.

Judge LANSING and Judge Pro Tem SWANSTROM, concur.