23 P.3d 152

**Traci ROBERTS, an individual,**

v.

**Jon N. WYMAN, dba Wyman & Wyman.**

**No. 25289.**

Court of Appeals of Idaho.

Dec. 14, 2000.

Rehearing Denied Jan. 23, 2001.

Review Denied May 21, 2001.

Vernon K. Smith, Jr., Boise, for appellant.

Thomas G. Maile IV, Eagle, for respondent.

LANSING, Judge.

Traci Roberts quit her employment with attorney Jon Wyman and later filed a wage claim with the Idaho Department of Labor (the Department), alleging that she did not get paid for her final week of work. The Department found in favor of Roberts on the wage claim and imposed a penalty of one month's salary ($1,500) against Wyman. When Wyman failed to pay the penalty, the Department instituted an action against him in the magistrate division of the district court. Roberts was later substituted as plaintiff in place of the Department. She was granted summary judgment against Wyman on the penalty claim and also prevailed at trial on Wyman's breach of contract and negligence counterclaims. Wyman appealed to the district court, which affirmed the magistrate's orders. This appeal followed.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Jon Wyman employed Traci Roberts as his legal secretary from November 1993 to April 1994. Roberts' duties included calendaring trials and appointments, notifying Wyman of any scheduling conflicts, and other secretarial duties. On March 3, 1994, Roberts received a notice setting a trial for April 28, 1994. Wyman already had a trial set in another county on the same date. Evidence in the record conflicts as to what Roberts did with the notice. Roberts testified that she recognized the schedule conflict and placed

the new trial notice in Wyman's "in" basket, along with a note informing Wyman that he had another trial scheduled for that date. Roberts acknowledged that she did not enter the second trial in Wyman's appointment book. Wyman suggested in his testimony that Roberts left the notice in the secretarial bay. Roberts quit working for Wyman on April 7, 1994. Wyman did not learn of the trial schedule conflict until approximately April 25. Wyman contends that, as a result, his client's case was weakened because of concessions that Wyman had to make to opposing counsel in order to get the trial rescheduled. Wyman also contends that he had to write off $1,475 in attorney fees. Wyman did not pay Roberts for the last week that she worked.

On May 4, 1994, Roberts demanded that Wyman pay the unpaid wages. When Wyman did not respond to her demand, she filed a complaint with the Department, which began an investigation. In defense, Wyman claimed he was not obligated to pay Roberts' last week's wages because she had taken five personal days off of work and his office policy was to deduct that amount from the employee's pay if the employee did not work an entire year. Roberts denied taking any personal days off and provided the Department with a record of her hours worked. The Department ruled in Roberts' favor and found that Wyman owed wages for thirty-eight (38) hours, an amount totaling $328.70. Further, the Department found that Wyman withheld the wages willfully, arbitrarily, and without cause and, pursuant to Idaho Code § 45 607, imposed an additional $1,500 penalty, a sum equal to one month of Roberts' wages. Wyman eventually paid the wage claim,[1] but declined to pay the $1,500.

The Department subsequently filed a complaint in magistrate court to collect the $1,500 penalty on Roberts' behalf. Roberts thereafter successfully moved to substitute herself in place of the Department as plaintiff. Wyman filed a counterclaim, alleging that Roberts had been negligent as an employee and had breached her employment contract. After cross-motions for summary

judgment were filed, the magistrate granted summary judgment to Roberts with respect to the $1,500 penalty awarded by the Department. The magistrate reasoned that the Department's proceedings and award were governed by the Idaho Administrative Procedure Act (APA), I.C. §§ 67–5201 to –5292, and that, because Wyman had not appealed from that award pursuant to APA procedures, the award was final and had preclusive effect. Wyman's counterclaims were tried to the magistrate, sitting without a jury. The magistrate again ruled in favor of Roberts. As to Wyman's negligence claim, the magistrate found that Wyman's proof was insufficient because Wyman presented no evidence of the standard of care for legal secretaries, that Wyman had notice of the trial date conflict, that his negligence with respect thereto was greater than any negligence of Roberts, and that Wyman's claimed damages were not proved with reasonable certainty and were not foreseeable. On the breach of contract claim, the magistrate found that Roberts had not materially breached the employment contract and that the evidence presented on damages was too speculative and not attributable to Roberts' acts.

The magistrate assessed attorney fees against Wyman under I.C. §§ 45–607 and 45–617 for the wage claim and under I.C. § 12–120(1) for the counterclaim. The magistrate found the $12,512.50 in attorney fees requested by Roberts' counsel to be reasonable.

Wyman appealed to the district court, which upheld the magistrate's decisions. In doing so, the district court initially concluded that the magistrate erred in holding that the investigatory findings of the Department were binding on the court. Despite this error, the district court did not reverse because the district court concluded that Wyman had not disputed that the wages were due and, hence, that there was no factual issue regarding the wage claim that would preclude summary judgment against Wyman. The district court upheld the magistrate's findings and conclusions on the counterclaims

1. The amount paid by Wyman differed from that ordered by the Department, allegedly because of withholding amounts. This discrepancy is not an issue on appeal.

**694**

and granted additional attorney fees to Roberts for the appeal.

In this further appeal, Wyman raises a plethora of issues. He challenges the magistrate's interpretation of Idaho law regarding the procedure for appealing a case after the Department has rendered a decision on a wage claim and also argues that the magistrate erred in giving the Department's decision preclusive effect. He challenges the decision on his counterclaims on several grounds, and asserts that the award of attorney fees was not authorized by statute.

## II.

## ANALYSIS

### A. The Summary Judgment on Roberts' Claim

■ In an appeal from an order granting summary judgment, this Court applies the same standard as that used by the trial court when originally ruling on the motion. *Idaho State Ins. Fund v. Van Tine*, 132 Idaho 902, 905–06, 980 P.2d 566, 569–70 (1999); *Mitchell v. Bingham Memorial Hosp.*, 130 Idaho 420, 422, 942 P.2d 544, 546 (1997); *Klosterman v. Rogers*, 132 Idaho 390, 391, 973 P.2d 161, 162 (Ct.App.1999). All disputed facts are to be construed liberally in favor of the nonmoving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the nonmovant. *Van Tine, supra; Klosterman, supra.* Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* In order to determine whether judgment should be entered as a matter of law, the court must examine the pleadings, depositions, affidavits, and admissions on file. Idaho Rule of Civil Procedure 56(c); *Klosterman, supra.*

■ The initial question presented on review of the magistrate's summary judgment order is whether the magistrate erred in holding that the Department's wage claim proceedings and the procedures for appeal

from the Department's decision were governed by the APA. The magistrate held that because the APA applied, and because Wyman did not take a timely appeal from the Department's decision as authorized by the APA, I.C. § 67–5271, he was precluded from challenging the merits of Roberts' action for collection of the Department's award. We conclude, as did the district court, that in holding the APA applicable, the magistrate erred.

We acknowledge ambiguity in the Idaho statutes regarding the applicability of the APA to the wage claim procedures that were prescribed in chapter 6, title 45 of the Idaho Code at the time this action arose.[2] We note that the APA defines an "agency" to include any department (with exceptions not relevant here) authorized by law to make rules or to determine contested cases. I.C. § 67–5201(2). "Contested case" is defined to mean a proceeding that results in the issuance of an order. I.C. § 67–5201(6). In next referring to the wage claim statutes, we find that the director of the Department was empowered to conduct hearings and issue "orders" for administrative remedies. I.C. § 45–616(1). Taken together, these statutes suggest that the APA provisions on contested cases and appeals applied to administrative wage claim proceedings conducted by the Department. However, the conflict between other portions of the APA and the wage claim statutes regarding judicial involvement lead us to conclude that the judicial review provisions of the APA are inapplicable to the Department's wage claim decisions under the statutes that existed when Roberts' claim was presented.

It is noteworthy that the APA specifies that its provisions for judicial review of agency action apply "unless other provision of law is applicable to the particular matter." I.C. § 67–5270(1). We conclude that the prior wage claim statutes constituted such "other provision of law" which took the matter outside of the APA scheme for judicial review. Under the APA, judicial review of an agency order is limited in scope. The court's deci-

---

**2.** In 1999, the wage claim statutes were significantly revised. 1999 Idaho Sess. Laws, ch. 51. Unless otherwise indicated in this opinion, our references to the wage claim statutes are to the statutes as they existed when this action was instituted in 1994.

sion must ordinarily be made based upon the record presented to the agency, and a court may take additional evidence only in very limited circumstances. I.C. §§ 67–5276, – 5277. The court must affirm the agency action unless the court finds that the agency's decision was in violation of constitutional or statutory provisions; in excess of the agency's statutory authority; made upon unlawful procedure; not supported by substantial evidence in the record; or was arbitrary, capricious or an abuse of discretion. I.C. § 67–5279(3). The wage claim statutes in effect at the commencement of this action provided a scheme of judicial involvement following agency action that is quite different from that of the APA. Specifically, I.C. § 45–617(3) provided that when the director of the Department had determined that an employee had a legitimate claim for unpaid wages, the director could take an assignment of the claim in trust for the employee and maintain a court action to enforce the claim. The wage claim statutes made no provision for enforcement of a Department decision on a wage claim apart from this method by which the director acting for the employee, or the employee independently, could bring a civil action. This type of civil action was not referred to in the statutes as an appeal or a judicial review of the Department's decision, nor was there any mention of the APA procedures for judicial review. Rather, the wage claim statutes contemplated that the civil action was a new and independent proceeding. It thus appears that under the old statutory scheme, an employer who received an adverse decision from the Department on a wage claim could ignore the decision with impunity unless and until the director or the employee obtained a judgment through an independent legal action.

We note also that in practice it appears that the Department viewed its own process as investigative in nature, culminating in an advisory decision rather than a final order of the type that would be reviewable under the APA. For example, the complaint filed by the Department in this case refers to the Department's proceeding as an "investigative hearing" which resulted in a "decision and demand for payment" rather than an "order."

Our conclusion that the administrative proceedings under the old wage claim statutes were not "contested cases" that resulted in the issuance of "orders" which were subject to judicial review under the APA is reinforced by subsequent legislative action amending the wage claim statutes in 1999. The new statutory scheme specifically provides that "a claimant or employer aggrieved by a final decision of the appeals examiner may obtain judicial review of the decision pursuant to the provisions of chapter 52, title 67, Idaho Code. . . ." I.C. § 45–619. Minutes of the legislative committee hearings on these amendments indicate that the amendments were thought necessary in order to make the Department's wage claim decisions enforceable.

We thus conclude that under the statutes then existing, the Department's decision on Roberts' wage claim was not subject to judicial review under the APA. Therefore, Wyman did not waive his objections to Roberts' claim by failing to take an appeal from the Department's decision, and the magistrate erred in giving the Department's decision preclusive effect.

■ The district court concluded that this error by the magistrate was harmless because Roberts was entitled to summary judgment on the $1,500 penalty anyway. The district court was of the view that there was no genuine issue of material fact on Roberts' claim because it was undisputed that her wages had been due and unpaid. We are constrained to disagree. Wyman properly raised a factual question before the magistrate similar to the defense he utilized before the Department: he claimed that Roberts had taken personal days off which, according to his office policy, were to be deducted from the final paycheck. In his answer to the complaint, Wyman denied owing Roberts any unpaid wages, and in his affidavit opposing Roberts' request for summary judgment, Wyman again claimed that he properly deducted the five personal days from Roberts' wages. Thus, Wyman did raise a factual issue that precludes summary judgment in favor of Roberts on the penalty claim.

We next address Wyman's argument that he was entitled to summary judgment on

Roberts' cause of action. He contends that Roberts' claim is statutorily barred because the $1,500 which she seeks to recover is a penalty and, according to Wyman's interpretation of the wage claim statutes, the Department was not authorized to sue for a penalty but only for unpaid wages. Without addressing the merit of Wyman's argument that the Department was barred from suing for a penalty, we note that the argument is irrelevant because Roberts was substituted as the plaintiff in the lawsuit. Roberts replaced the Department as the litigant. This substitution rendered moot any defense regarding limits on the Department's authority to bring the action.

■ Wyman next argues, however, that the substitution of Roberts as the party plaintiff was invalid because there was no proof of reassignment of the claim from the Department to Roberts. Therefore, according to Wyman, the claim for the penalty, which the Department allegedly cannot sue on, continues to belong to the Department. We decline to address this argument because it was not raised below. Roberts filed her motion to amend the pleadings to substitute herself as plaintiff in June 1995. It does not appear from the record that Wyman objected to that motion or otherwise at any point in the proceedings before the magistrate raised the alleged lack of reassignment as a defense. Therefore, Roberts had no occasion or need to make a record in the magistrate court regarding the reassignment of the claim from the Department. Because this issue was not presented to the trial court, it will not be considered on appeal. *Post Falls Trailer Park v. Fredekind*, 131 Idaho 634, 637, 962 P.2d 1018, 1021 (1998); *Corder v. Idaho Farmway, Inc.*, 133 Idaho 353, 362, 986 P.2d 1019, 1028 (Ct.App.1999).

## B. Wyman's Counterclaims

■ Judgment on Wyman's counterclaims for negligence and breach of contract was rendered only after a trial on the merits. When reviewing decisions rendered after a court trial, this Court will uphold findings of fact that are supported by substantial and competent evidence, but will freely review questions of law. *Quiring v. Quiring*, 130

Idaho 560, 563, 944 P.2d 695, 698 (1997); *DeWitt v. Medley*, 117 Idaho 744, 746, 791 P.2d 1323, 1325 (Ct.App.1990).

Here, the magistrate issued findings of fact and conclusions of law which determined Wyman's claims to be without merit. To reach its decision, the magistrate had to resolve conflicts in the testimony of the two parties. One of the areas of dispute related to what Roberts was instructed to do in the event of conflicting court dates. Wyman testified that Roberts was instructed to calendar all court dates and appointments in Wyman's appointment book. Wyman testified that if a conflict arose which would require him to be in two places at the same time, Roberts was instructed to calendar both events. Roberts testified, to the contrary, that she was to notify Wyman of the conflict so that he could resolve it as soon as possible, but she was not to calendar both events. With respect to the uncalendared trial setting that gave rise to the counterclaim, Roberts admitted that she did not write the trial setting in Wyman's appointment book because of the conflict. Instead, she stated that she placed the notice of the new trial setting in Wyman's in-basket with a note describing the conflict so that he could resolve it. Wyman, however, testified that he never found this material in his in-basket and did not become aware of the new trial date until a few days before the scheduled trial.

The magistrate resolved the foregoing conflicts in the testimony partly in favor of Wyman and partly in favor of Roberts. The magistrate found that, as Wyman had testified, Roberts was supposed to calendar both events and notify Wyman if a schedule conflict arose. However, the magistrate also found that Roberts did place the trial setting notice with a note mentioning the conflict in Wyman's in-basket where it should have been found by Wyman. On both of these points, the magistrate's findings are supported by substantial evidence, and we therefore will not second-guess them on appellate review.

### 1. Breach of contract claim

■ The magistrate concluded that Roberts had breached her employment contract

by not actually calendaring the conflicting trial date, but that this was not a material breach because Roberts gave Wyman actual notice of the trial setting by placing it in Wyman's in-basket on his desk. The magistrate concluded that Roberts' only error—in not placing the trial date in Wyman's appointment book—was of such a minimal nature that it did not rise to the level of a material breach.

■ A material breach of contract is a breach so substantial and fundamental that it defeats the object of the parties in entering into the contract. *Tentinger v. McPheters,* 132 Idaho 620, 622, 977 P.2d 234, 236 (1999); *Ervin Constr. Co. v. Van Orden,* 125 Idaho 695, 699, 874 P.2d 506, 510 (1993); *Crowley v. Lafayette Life Ins. Co.,* 106 Idaho 818, 821, 683 P.2d 854, 857 (1984). There is no material breach of contract where substantial performance has been rendered. *Tentinger, supra.* See also J. CALAMARI & J. PERILLO, THE LAW OF CONTRACTS § 11–22 (2d. ed.1977). Substantial performance is performance which, despite deviation from the contract or some omission, provides the important and essential benefits of the contract to the promisee. *Tentinger, supra; Gilbert v. City of Caldwell,* 112 Idaho 386, 394, 732 P.2d 355, 363 (Ct.App.1987).

■ Whether a breach of contract is material is a question of fact. *Tentinger, supra; Ervin Constr. Co.,* 125 Idaho at 700, 874 P.2d at 511; *Pugmire v. Sandy,* 102 Idaho 346, 347, 630 P.2d 138, 139 (1981). Therefore, an appellate court's role on review is limited to determining whether the finding is supported by substantial, albeit controverted, evidence. If so, the finding cannot be deemed clearly erroneous. *Rasmussen v. Martin,* 104 Idaho 401, 404, 659 P.2d 155, 158 (Ct.App.1983). We regard evidence as "substantial" if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *Christensen v. Nelson,* 125 Idaho 663, 665–66, 873 P.2d 917, 919–20 (Ct.App. 1994).

Here, the magistrate's finding that although Roberts did not calendar the conflicting trial date, she took the necessary steps to bring it to Wyman's attention by placing the trial notice in his in-basket with an attached note is supported by Roberts' testimony. The magistrate's further finding that Roberts' error was not a material breach of her contract is also supported by substantial evidence and is consistent with governing law. The determination is therefore affirmed.

### 2. Negligence Claim

■ With respect to Wyman's counterclaim for negligence, the trial court found that Wyman's own negligence in overlooking the notice of trial setting that was placed in his in-basket exceeded any negligence of Roberts. Under Idaho law, a plaintiff or counterclaimant whose negligence exceeds that of the defendant or counterdefendant may not recover. I.C. § 6–801; *Odenwalt v. Zaring,* 102 Idaho 1, 5, 624 P.2d 383, 387 (1980). Questions of negligence and the apportionment of negligence among the parties are for the finder of fact. *Burgess v. Salmon River Canal Co.,* 119 Idaho 299, 309, 805 P.2d 1223, 1233 (1991). Here, the magistrate's findings are supported by Roberts' testimony, and we therefore uphold the denial of Wyman's counterclaim seeking recovery against Roberts for negligence.[3]

Having upheld the magistrate's determination that Wyman did not meet his burden to prove a material breach of contract by Roberts or his burden to prove that Roberts' negligence exceeded his own, we need not address Wyman's challenges to the alternative bases stated for the magistrate's decision. These include questions as to the sufficiency of proof of the standard of care for legal secretaries, whether the damages claimed by Wyman were a foreseeable consequence of the alleged negligence and breach of contract, and whether the damages were proved with reasonable certainty.

---

**3.** The district court held that any duty that Roberts owed to Wyman arose from the employment contract, any cause of action for Roberts' alleged misfeasance would lie in contract, not in tort.

Because we uphold the magistrate's factual findings on negligence liability, we do not address the district court's alternative basis for denial of this counterclaim.

## C. Attorney Fees Awarded by the Trial Court

■■■ The magistrate held that Roberts was entitled to an award of attorney fees on her claim for the $1,500 penalty pursuant to I.C. §§ 45–607 and 45–617, and that she was entitled to attorney fees on Wyman's counterclaim pursuant to I.C. § 12–120(1) because the counterclaim was for an amount less than $25,000. The magistrate then awarded the sum of $12,512.04 for attorney fees. This figure was not allocated as between Roberts' principal claim and Wyman's counterclaim. Because we are hereby reversing the summary judgment on Roberts' claim and remanding the case for further proceedings, the attorney fee award as to that claim must be vacated, subject to reconsideration by the magistrate when Roberts' claim has been finally resolved. However, Wyman raises an argument that Roberts is not entitled to attorney fees under the wage claim statutes as a matter of law. We will address that argument so that the issue will be settled and will not again be a matter of dispute in the proceedings before the magistrate.

It is Wyman's position that Roberts is not entitled to attorney fees under the prior wage claim statutes even if she prevails on her claim for the $1,500 penalty. His rationale for this position is unclear at best. As we understand it, Wyman contends that the $1,500 award is a "penalty," not "wages," and therefore an award of fees was not authorized under I.C. § 45–615 because that statute authorized attorney fees only when an employee or the director has brought "suit for wages earned" and did not mention a suit for penalties. We find this argument irrelevant since another section of the Wage Claim Act, as it existed in 1994, authorized an award of attorney fees for a claim like that presented by Roberts, regardless of whether her claim is characterized as one for wages or a penalty. The former I.C. § 45–617(4) *required* an award of attorney fees to a prevailing plaintiff in any "proceeding pursuant to this chapter" brought by either the employee or the director of the Department. Therefore, Wyman's argument that persons in Roberts' position cannot collect attorney fees in an action to recover a "penalty" because it is not explicitly authorized in a different statute is unavailing.[4]

To the extent that Wyman argues that an employee is prohibited from collecting both a penalty and attorney fees by the holding in *Hutchison v. Anderson*, 130 Idaho 936, 950 P.2d 1275 (Ct.App.1997), this argument also is frivolous. In that case, the plaintiffs presented a claim for past due wages and treble damages under I.C. § 45–617(4), but conceded that they could not meet the criteria for an award of attorney fees under I.C. § 45–615 because they had not made an appropriate demand at least five days before filing suit. The trial court, realizing that it could not award fees under the wage claim statute, awarded fees under I.C. § 12–120 instead. This Court held that when an action is brought for wages and treble damages under I.C. §§ 45–614 and 45–617, attorney fees can be granted only pursuant to the attorney fee provisions of the wage claim statutes, and a fee award cannot be based upon I.C. § 12–120. Here, however, there is no dispute that Roberts made demand for the amount of her claim more than five days before suit was instituted, and the magistrate's award of fees on Roberts' claim was based upon the wage claim statutes, not I.C. § 12–120. Therefore, the *Hutchison* decision is inapplicable. Thus, if Roberts prevails again on remand with respect to her claim for the $1,500 penalty, she will be entitled to an award of the attorney fees incurred in pursuing that claim under former I.C. § 45–617.

We turn next to the award of attorney fees made by the magistrate on Wyman's counterclaim. This award was made pursuant to I.C. § 12–120(1), which mandates an award to the prevailing party (subject to exceptions not relevant here) where the amount pleaded is $25,000 or less. Subsection 2 of that statute specifies that the provisions of subsection

---

4. Because the award of fees was clearly authorized by I.C. § 45–617(4), we need not consider the effect of a 1996 amendment to I.C. § 45–607 which took effect before the magistrate's attorney fee award and added to that section an authorization for an award of attorney fees. *See* 1996 Idaho Sess. Laws, ch. 165.

1 also apply to counterclaims. Since Wyman's counterclaim was for the sum of $5,000, there can be no question that attorney fees were properly awarded under I.C. § 12–120(1).

Wyman's only argument against this award seems to be that fees could not be awarded under I.C. § 12–120(3) because that subsection does not apply to claims of negligence and the parties were not engaged in a "commercial transaction." This argument is entirely irrelevant, since the award against Wyman was made pursuant to I.C. § 12–120(1), not § 12–120(3).

For the foregoing reasons, we uphold the magistrate's determination that Roberts is entitled to recover her reasonable attorney fees incurred in defending Wyman's counterclaim and, if she prevails in pursuit of her own claim on remand, she will be entitled to an award of attorney fees on that claim as well. However, because we are remanding for further proceedings on Roberts' action, and because the attorney fee award by the magistrate was not allocated between fees incurred on Roberts' claim and those incurred in defending Wyman's counterclaim, the fee award must be vacated. If Roberts prevails on remand, she must again be awarded all of her reasonable attorney fees incurred on both the claim and counterclaim. If she does not prevail on remand with respect to her own action, the magistrate should allocate the attorney fees, awarding to Roberts only those apportionable to her defense of Wyman's counterclaim.

**D. Miscellaneous**

Wyman has expressed other claims of error in his appellate briefs. We have considered these claims and find them to be without merit.

**E. Attorney Fees on Appeal**

Both parties have requested attorney fees on appeal. Because Roberts has prevailed in her defense of Wyman's counterclaim, and the judgment on that counterclaim is affirmed by this decision, she is entitled to attorney fees incurred on appeal that are allocable to the counterclaim pursuant to I.C. § 12–120(1). Such fees will be awarded, in an amount determined by this Court to be reasonable, upon the submission by Roberts of a memorandum of costs suitably allocating the fees attributable to the counterclaims pursuant to Idaho Appellate Rule 41.

As to Roberts' claim under the wage claim statutes, however, there is not yet a prevailing party, and it would therefore be premature to make an award of attorney fees on that claim. When the magistrate again takes up the matter of entitlement to attorney fees on Roberts' claim on remand, the magistrate may include within its consideration, fees incurred by the parties on appeal with respect to that claim.

### III.

### CONCLUSION

The district court's appellate decision affirming the magistrate's order of summary judgment on Roberts' claim is reversed, and the case is remanded for further proceedings in the magistrate division. With respect to Wyman's counterclaims, the decision of the district court, affirming the magistrate's judgment denying the claims following a court trial, is affirmed. The magistrate's award of attorney fees is vacated, subject to reconsideration after final disposition of Roberts' claim. If Roberts prevails on remand, the magistrate should award all reasonable attorney fees incurred in the trial court proceedings on both her claim and Wyman's counterclaim. If Roberts does not prevail on remand, the magistrate should award to Roberts only those fees properly allocable to her defense of Wyman's counterclaims. Because each party prevailed in part on appeal, costs on appeal are not awarded to either party. Attorney fees incurred on appeal with respect to Wyman's counterclaim are granted to Roberts.

Judge Pro Tem BURDICK concurs.

Judge SCHWARTZMAN, Specially Concurring:

In April of 1994, Traci Roberts quit her job working as a legal secretary for Jon Wyman. Wyman refused to tender Roberts her last week's salary despite her demand to

do so. The Department of Labor took up her complaint and determined Roberts was owed $328.70, plus statutory penalty. Wyman eventually coughed up $323.23 in the form of a tendered check, marked "paid in full," for net unpaid wages in November of 1994, just prior to the filing of this lawsuit. The case has since progressed through the magistrate court and district court on appeal, generating attorney fee awards to Roberts in the sums of $12,512.50 and $6,250 respectively. The case now goes back to the trial court for a mini-retrial on the statutory penalty phase of this lawsuit. The combined legal fees for Roberts at this juncture exceed fifty-seven (57) times the original amount in controversy, a $328.70 wage claim, not including what this Court will be awarding on appeal. There is no telling how many more appeals lie in store for this controversy. Mercifully, this case will eventually come to an end. *See and compare, Pines, Inc. v. Bossingham*, 131 Idaho 714 at 719, 963 P.2d 397 at 402 (Ct. App.1998).

In a shameful display of *legal chutzpa*,[5] Wyman counterclaimed against Roberts for legal secretarial malpractice. Such a tort does not exist—there is no legal duty of care owed in this context that the law of torts would seek to protect. There are no allegations of physical injuries to persons or property, nor is this a special professional relationship such as attorney-client. This case simply arises out of the employer-employee relationship, and the duties are grounded in contract, not tort. Any analysis dealing with apportionment of negligence is, therefore, nugatory in my opinion.[6]

So, too, I find the analysis dealing with Wyman's breach of contract counterclaim,

i.e., was there a material and substantial breach of the employment contract, unnecessary. As long as an "at-will" legal secretary puts in her hours, she is entitled to her agreed-upon salary. If she[7] performs her duties incompetently, the remedy is NOT to withhold earned wages and/or file some sort of breach of contract claim for damages, but simply to FIRE the employee.

In closing, I quote from the learned district judge McKee's opinion on intermediate appeal:

> The employer's conduct in this case was inexcusable. Few things are more stressful or unfair in life than when the employer refuses to pay an employee for work performed. The ripple of economic consequences to an employee which can result from even one missed paycheck can be insurmountable. The employee should have been paid her wages at the end of her employment at once, in full and without question. The employer brought all of this on by his own intransigence.

If the magistrate, on remand, finds that Wyman *stiffed* Roberts out of her last paycheck and is thus liable for the statutory penalty, he deserves to be tagged for the full measure of attorney fees generated by this embarrassingly over-tried case. It should have settled on day one (May 4, 1994), the day Roberts demanded her unpaid wages.

---

5. For a definition of CHUTZPA, the reader is directed to *Hernandez v. State*, 132 Idaho 352 at 358, fn. 13, 972 P.2d 730 at 736, fn. 13 (Ct.App. 1998).

6. This claim is patently frivolous. Were it otherwise, the opportunity for *mischief* would be rampant, ranging from, "I cannot tell a lie, your honor, it's all my legal secretary's fault," to "Let's sue the legal secretary!" I'm sure the Idaho Legal Secretary Association can now breathe a collective sigh of relief, even though that worthy organization was not invited to appear as an *amicus* in this case.

7. I do not mean to imply that all legal secretaries are female. I use the female pronoun only as a matter of convenience and in recognition of the plaintiff's gender in this case.